STUART F. DELERY
Acting Assistant Attorney General
ANTHONY J. COPPOLINO
Deputy Branch Director
BRYAN R. DIEDERICH (MA Bar. No. 647632)
United States Department of Justice
Civil Division
20 Massachusetts Ave, NW
Washington, D.C.  20004
Tel: (202) 305-0198; Fax: (202) 616-8470
Bryan.Diederich@usdoj.gov
*Counsel for the Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COALITION FOR MEN and JAMES LESMEISTER, Individually and on behalf of others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>SELECTIVE SERVICE SYSTEM; LAWRENCE G. ROMO, as Director of SELECTIVE SERVICE SYSTEM; and DOES 1 through 10, Inclusive,<br><br>DEFENDANTS. | Case No.: CV13-02391-DSF(MANx)<br><br>Hearing Date:  July 29, 2013<br>Hearing Time:  1:30 p.m.<br>Hearing Location:  Courtroom 840, Roybal Federal Building, 255 East Temple Street, Los Angeles California 90012<br><br>Hon. Dale S. Fischer |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

---

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................i

TABLE OF AUTHORITIES .....................................................................................ii

INTRODUCTION ..................................................................................................... 1

I.   NEITHER LESMEISTER NOR NCFM HAS STANDING TO PURSUE THIS CASE. .................................................................................................... 1

    A.   LESMEISTER LACKS STANDING TO PURSUE THIS CASE........2

    B.   PLAINTIFF NATIONAL COALITION FOR MEN ALSO FAILS TO MEET *EARTH ISLAND INSTITUTE*'S REQUIREMENTS FOR ORGANIZATIONAL STANDING. ..................................................... 6

II.  VENUE IS IMPROPER IN THIS DISTRICT ................................................ 6

III. PLAINTIFFS' CLAIM IS NOT RIPE. ........................................................... 9

IV.  PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ............................................................................................ 10

CONCLUSION........................................................................................................ 12

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**

-i-

# TABLE OF AUTHORITIES

## Cases

*Abbot Labs. v. Gardner*, 387 U.S. 136 (1977) .......................................................................9

*Allen v. Wright*, 468 U.S. 737 (1984) ................................................................................1, 4

*Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360 (9th Cir. 1998)...............................................................................................................................3

*Center for Biological Diversity v. National Science Found.*, No. C 02-5065 JL, 2002 WL 31548073 (N.D. Cal. Oct. 30, 2002) .......................................................................7

*Chicago & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339 (1892)........................1

*Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013) ....................................2, 3, 4

*Goldberg v. Rostker*, 509 F. Supp. 586 (E.D. Pa. 1980) .........................................3, 8

*Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)...........................................................7

*Hollingsworth v. Perry*, ___ U.S. ___, 2013 WL 3196927 (June 26, 2013) ............2

*Jacobrown v. United States,* 764 F. Supp. 221 (D.D.C. 2011) ................................6

*Laird v. Tatum*, 408 U.S. 1 (1972) ................................................................................2

*Leroy v. Great W. United Corp.*, 443 US. 173 (1979) ...............................................9

*Lopez v. Candaele*, 630 F.3d 775 (9th Cir. 2010) ......................................................2

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).................................................3

*Northwest Austin Mun. Utility Dist. No. 1 v. Holder*, 557 U.S. 193 (2009) ...........12

*Orr v. Orr*, 440 U.S. 268 (1979).....................................................................................5

*Rostker v. Goldberg*, 453 U.S. 57 (1981) .............................................................passim

*Shelby Cnty., Ala. v. Holder*, ___ U.S. ___, 2013 WL 3184629 (June 25, 2013)...12

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ....................................3

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)................................................6

*United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952).......................3

*Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982) .........................................................................4

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.,* **CV13-02391-DSF(MANx)**

-ii-

*Viscofan USA, Inc. v. Flint Group*, No. 08-CV-2066, 2009 WL 1285529 (C.D. Ill. May 7, 2009) ..........................................................................................................8

**Statutes**

10 U.S.C. § 652(a)(3)(B) ...............................................................................................1

18 U.S.C. § 1391(e) .......................................................................................................7

28 U.S.C. § 1406(a) .......................................................................................................9

28 U.S.C. § 1391(e)(1) ............................................................................................7, 8

28 U.S.C. § 1391(e)(1)(A) & (C) ..................................................................................7

# INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp'n") confirms that this case should not have been brought in this Court, by these Plaintiffs, at this time. While now apparently conceding that Counts I & II must be dismissed, (Opp'n at 17), Plaintiffs attempt to salvage Count III by pressing standing arguments rejected by the Supreme Court, misapplying the law of venue, and inviting the Court to decide military policy regarding Selective Service registration before allowing Congress the opportunity to even consider the changes that the military will be implementing for the next few years. Even were this case properly before the Court, the Supreme Court's decision in *Rostker v. Goldberg*, 453 U.S. 57 (1981)—which Plaintiffs concede remains binding on this Court—bars the relief that Plaintiffs seek. Pursuant to that authority, the Court should wait for Congress to react to the implementation of changes to military policy in accordance with the procedures established for this very purpose. *See* 10 U.S.C. § 652(a)(3)(B).

## I. NEITHER LESMEISTER NOR NCFM HAS SHOWN STANDING.

Article III's standing requirement is rooted in the separation of powers. *See Allen v. Wright*, 468 U.S. 737, 752 (1984). Courts are expected to exercise the judicial power sparingly "'in the last resort and as a necessity.'" *Id.* (quoting *Chicago & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892)). This approach to jurisdiction "'prevent[s] the judicial process from being used to usurp

the powers of the political branches.'" *Hollingsworth v. Perry*, ___ U.S. ___, 2013 WL 3196927 at *6 (June 26, 2013) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013)). The standing inquiry is particularly rigorous where a plaintiff seeks a judicial determination that the acts of the political branches are unconstitutional, and the courts are particularly reluctant to find standing in cases challenging the necessity of military activities. *See Clapper*, 133 S. Ct. at 1147; *see also, e.g.*, *Laird v. Tatum*, 408 U.S. 1, 11-16 (1972).

Plaintiffs' Opposition makes no effort to grapple with the standing problems inherent on the face of their Complaint. Plaintiffs bear the burden of pleading sufficient factual information to conclude that this Court has jurisdiction. *See Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010). Having failed to plead such factual information, Plaintiffs' Complaint must be dismissed because neither James Lesmeister (a male who has already registered with the Selective Service) nor the National Coalition for Men (an organization that has not specified an individual member with standing to sue in his own right) has shown standing to invoke this Court's jurisdiction.

**A.     Lesmeister Lacks Standing to Pursue this Case.**

Plaintiffs make two equally unavailing arguments that Lesmeister has properly alleged standing despite already being registered with the Selective Service and failing to identify any personal harm in the Complaint. Plaintiffs first argue that because the plaintiffs in *Rostker* had already registered and were

1  allowed to proceed, Lesmeister has standing to sue here.  Specifically, Plaintiffs

2  argue that, since the three judge panel in the case underlying *Rostker* concluded

3

4  that the plaintiffs there had standing to pursue their claims, *see Goldberg v.*

5  *Rostker*, 509 F. Supp. 586, 590-91 (E.D. Pa. 1980), there must have been

6  jurisdiction.  But Plaintiffs ignore the fact that the Supreme Court did not have

7

8  occasion to consider the issue, because the United States did not argue for

9  dismissal on standing grounds before that tribunal.  *See* Br. for Appellant, *Rostker*

10 *v. Goldberg*, No. 80-251, 1981 WL 390367 (Jan. 1981).  When the Supreme Court

11

12 passes on the merits of an issue without considering jurisdiction, its decision is not

13 binding precedent on jurisdictional issues.  *See Burbank-Glendale-Pasadena*

14 *Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1363 (9th Cir. 1998) (citing

15

16 *United States v. L. A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952)).

17 Accordingly, the holding of a three-judge panel in 1980, before the Supreme Court

18 decided the cases on which Defendants rely, *see* Defs.' Mem. at 8-11[1], does not

19

20 control the outcome of this case.

21      Moreover, standing jurisprudence demonstrates that a plaintiff must allege

22 and establish a concrete, personal harm in order for the court to exercise

23

24 jurisdiction.  And, while the three judge panel in *Rostker* concluded that the risk of

25

---

[1] Citing, *inter alia*, *Clapper*, 133 S. Ct. 1138; *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 106-07 (1998) ; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 577 (1992).

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**

-3-

1  being drafted was a harm, that holding cannot be squared with *Clapper*'s

2  instruction that standing not rely on speculative future events. *See* Defs' Mem. at

3  9-10 (citing *Clapper*, 133 S. Ct. at 1142). Tellingly, Plaintiffs do not even attempt

4

5  to show a person injury.

6  Instead, Plaintiffs argue that because "sex discrimination is injurious in and

7

8  of itself" they have standing, claiming that the MSSA's male only registration

9  requirement "sends a message that both sexes have a 'place' and that males are the

10 disposable sex when it comes to defending the nation." Opp'n at 6-7. But the

11

12 Supreme Court has rejected the view that, because discrimination is harmful in and

13 of itself, standing is conferred on anyone who feels generally stigmatized by a

14 classification. *See Allen*, 468 U.S. at 755 (1984).

15

16 In addition, as the Court observed in *Valley Forge Christian Coll. v.*

17 *Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485-86

18 (1982), Plaintiffs must identify an injury "suffered by them *as a consequence* of

19

20 the alleged constitutional error, other than the psychological consequence

21 presumably produced by observation of conduct with one disagrees." Here,

22

23 Lesmeister has not alleged any injury (stigmatic or otherwise) in the Complaint.

24 He remains equally unlikely to be subject to a future draft (the shape of which

25 cannot be known today) whether additional citizens are or are not required to

26

27 register.

28 Thus, Lesmeister's position compares unfavorably to the plaintiff in *Orr v.*

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*,
**CV13-02391-DSF(MANx)**

**-4-**

*Orr*, 440 U.S. 268 (1979), the only federal case he cites in support of his standing argument. The *Orr* Court did not endorse the inherent stigma argument that Lesmeister now advances. Rather, *Orr*'s standing analysis focuses on the tangible consequences of the challenged law. In that case, a man who, instead of paying court ordered alimony to his ex-wife, challenged an Alabama statute providing alimony for women, but not men. The Court observed that, even though Orr might not be eligible for alimony anyway, he still had standing because if the statute were struck down, Alabama might either "(1) permit awards to husbands as well as wives, or (2) deny alimony to both parties." *Orr*, 440 U.S. at 272. Though the first option would provide Orr no benefit, the Court reasoned, the second option would assist him inasmuch as he might not have to pay alimony at all. Here, the request for injunctive relief will have no effect on Lesmeister's status with the Selective Service. Rather, the only injury that can be redressed would be Lesmeister's personal dissatisfaction with the fact that he was required to register, but women were not. This is not a concrete injury for standing purposes. Thus, contrary to his contention, the fact that Lesmeister has already complied with the law is fatal to his claim to standing.

Plaintiffs' remaining argument— that it makes little sense to require Lesmeister to break the law to challenge it— is also meritless. Lesmeister was free to challenge the law prior to his registration. He was free to decline to register and challenge the statute at that point. *See, e.g.*, *Jacobrown v. United States*, 764

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**

-5-

F. Supp. 221, 223 (D.D.C. 2011). Indeed, Plaintiffs do not indicate whether Lesmeister registered before or after the changes in military policy at issue in this case, so the Court cannot conclude that he suffered from the discrimination alleged in the Complaint. Absent a demonstration of standing, the Court must dismiss Lesmeister from the case.

### B. Plaintiff National Coalition for Men Also Fails to Meet *Earth Island Institute*'s Requirements for Organizational Standing.

Plaintiff NCFM's attempt to resurrect its right to proceed as an organizational plaintiff is even more unfounded. Plaintiffs assert that the fact that they have alleged that "NCFM members include males ages 18-25 who 'would otherwise have standing to sue in their own right,'" is sufficient to establish standing, without addressing any of the precedents cited by Defendants. *See* Opp'n at 8-9. The Supreme Court's holding in *Earth Island Institute*, faithfully applied by courts in this Circuit, could not be any clearer: Plaintiffs must "make specific allegations establishing that at least *one <u>identified</u> member* had suffered or would suffer harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497-98 (2009) (emphasis added). Plaintiffs have failed to identify any member of NCFM who has been harmed by the MSSA and thus have failed to comply with the instructions in *Earth Island Institute* by failing to name a single member who has standing to sue in his own right. Accordingly, the NCFM must also be dismissed.

### II.    VENUE IS IMPROPER IN THIS DISTRICT.

Should the Court conclude that it has jurisdiction over either of the

Plaintiffs' claims, venue is improper in the Central District of California. *See* 28 U.S.C. § 1391(e)(1). As Plaintiffs concede, NCFM is headquartered not in Los Angeles, but in San Diego. *See* Defs.' Mem. at 14-16. An organization is deemed to reside where its headquarters are located, *see* Defs.' Mem. at 14, so NCFM resides not in the Central District of California, but in the *Southern* District of California. Plaintiff Lesmeister resides near Houston, Texas, and the Federal Defendants reside in Washington, D.C. Thus, according to the residency provisions of the federal venue statute, venue could be proper in (a) the District of the District of Columbia, (b) the Southern District of Texas, or (c) the Southern District of California. *See* 28 U.S.C. § 1391(e)(1)(A) & (C). None of the Plaintiffs reside in the Central District of California, so venue cannot be proper there under the residency tests in 18 U.S.C. § 1391(e).[2] Were there any doubt, Plaintiffs' own citation to the three judge panel decision in *Rostker* proves the Defendants' point. *See* Opp'n at 10. In that case, the court carefully noted that one of the Plaintiffs resided in the Eastern District of Pennsylvania, where the action was heard. *See*

---

[2] Plaintiffs cite the decision of a Magistrate Judge in the Northern District of California, *Center for Biological Diversity v. National Science Found.*, No. C 02-5065 JL, 2002 WL 31548073 (N.D. Cal. Oct. 30, 2002). That court found venue on the apparent conclusion that plaintiff was deemed to reside in the Northern District of California because it maintained an office there. Not only does this decision predate the Supreme Court's holding that the principle place of business for an organization is generally where its headquarters are located, *see Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010), but Plaintiffs do not even assert that NCFM maintains an *office* in the Central District of California, let alone its headquarters.

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*,
**CV13-02391-DSF(MANx)**

*Goldberg*, 509 F. Supp. at 588 n.2. Defendants' contention is not that the case must be heard in Washington, D.C. Rather, it is that by law, it must be heard where at least one Plaintiff resides.

Nor is Plaintiffs' argument that venue is proper in the *Central* District of California because men in California in general are subject to draft requirements remotely on point. Plaintiffs argue (without citation) that more men in California register for the draft than in Washington, D.C., *see* Opp'n at 10, but the argument is a non sequitur. The question presented by the venue statute is different than a *forum non conveniens* argument in which the Court analyzes which venue is the most sensible. *See, e.g.*, *Viscofan USA, Inc. v. Flint Group*, No. 08-CV-2066, 2009 WL 1285529, at *6 (C.D. Ill. May 7, 2009) ("The doctrine of *forum non conveniens* is based on the inconvenience of the chosen venue, not the impropriety of venue under federal venue statutes."). The question under 28 U.S.C. § 1391(e)(1) is where the events giving rise to the claim occurred. Plaintiffs have failed to allege a single event occurring in this judicial district. The United States' policy decisions were made in the nation's capital. Lesmeister was required to register in Texas. NCFM has identified no member in Los Angeles who was required to register after the United States changed its military policies. Venue in the Central District of California is improper in this case.

Finding no support in the law itself, Plaintiffs resort to an extra-statutory argument that the Court should find venue here because Plaintiffs would prefer to

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**

-8-

litigate where their pro bono attorney is located.  Even if that argument compelling (and it is not), venue in the United States Federal Courts is set by statute and cannot be amended by considerations of the Plaintiffs' convenience.  *See Leroy v. Great W. United Corp.*, 443 US. 173, 183-84 (1979).  Because Plaintiffs have not made even a colorable showing as to why this matter may be heard in the Central District of California, the Court should dismiss for lack of venue.  *See* 28 U.S.C. § 1406(a).

### III. PLAINTIFFS' CLAIM IS NOT RIPE.

Apart from the obvious standing and venue problems, Plaintiffs have brought this case while the military is in the process of implementing changes to the United States' armed forces and before Congress has had an opportunity to consider changes to the MSSA in response to modified military policies.  Plaintiffs proceed from an assumption that it is appropriate for courts to declare statutes unconstitutional when factual circumstances change before allowing other branches of government to act.  This view is inconsistent with both the constitutional and prudential doctrines of ripeness.

Defendants agree with Plaintiffs that prudential ripeness requires the court to consider the fitness of an issue for decision as well as the hardship visited upon parties while a decision is withheld.  *See* Opp'n at 13 (citing *Abbot Labs. v. Gardner*, 387 U.S. 136, 149 (1977)).  Here, the issue is not yet fit for judicial decision because the full implementation of the changes to the structure of the

United States armed forces has not been revealed and Congress has not yet had the opportunity to consider how the MSSA should be changed in light of those implementation plans. The *Rostker* Court emphasized that matters of military decision-making must be left in large measure to Congress. *See Rostker*, 453 U.S. at 64-68. Plaintiffs propose that, without waiting for Congress to consider changes to the MSSA, it should decide a significant question of constitutional law. Not only would such an act be imprudent, but it would not be necessary to avoid any genuine hardship. Plaintiff Lesmeister has already registered with the Selective Service and thus faces no injury that would be redressed. Moreover, Defendants do not contend that the courts would have to stay their hand indefinitely, as Plaintiffs assert. Rather, as explained in their opening Memorandum, implementation of changes to the United States military (which will include establishing criteria for both men and women to be included in combat units) are scheduled to be addressed in less than three years. *See* Defs.' Mem. at 6. Prudence requires that the Courts give the Executive and Legislative branches the opportunity to adjust their policies before attempting to undertake judicial review in this important area of policy and law.

### IV. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Should the Court decide to address the merits, it should dismiss the case for failure to state a claim upon which relief can be granted. Plaintiffs do not respond to Defendants' arguments that Counts I and II, which assert claims that generally

Reply Mem. in Supp. of Mot. to Dismiss, *National Coalition for Men, et al. v. Selective Service System, et al.*, CV13-02391-DSF(MANx)

-10-

can only be brought against state officials, must be dismissed. *See* Defs.' Mem. at 18; Opp'n at 17. Having offered no opposition to Defendants' motion on this score, the Court should dismiss these counts.

Plaintiffs do attempt to contest Defendants' arguments that Plaintiffs fail to state claim under the Fourteenth Amendment's guarantee of equal protection under the laws. Plaintiffs' response however, is an unavailing admixture of incorrect legal arguments that fail to grapple with Defendants' central points.

*First*, Plaintiffs simply ignore Defendants' argument, *see* Defs.' Mem. at 23-25, that the Court is bound, as a matter of *stare decisis*, to follow the Supreme Court's decision in *Rostker* unless and until the Supreme Court itself overturns the decision. This is the settled law of the Supreme Court and the Ninth Circuit. *See id.* Accordingly, even if the Court has doubts as to *Rostker*'s continuing vitality, it must still dismiss the complaint.

*Second*, even if the Court were to conclude that changes in factual circumstances allow it to revisit *Rostker*, that would not alter the Court's obligation to defer to Congress's military judgments in the first instance—an obligation reiterated time and again since the *Rostker* decision. *See* Defs.' Mem. at 20 n.3 (collecting cases). Here, as Plaintiffs do not deny, Congress has created a mechanism for reassessing the necessity of female registration as the military implements changes to its personnel policies. *See* Defs. Mem. at 22-23. And it is clear that courts should avoid deciding constitutional questions in favor of allowing

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**

the political branches to consider a problem in the first instance (even where they may harbor doubts on constitutional issues). *Compare, e.g.*, *Northwest Austin Mun. Utility Dist. No. 1 v. Holder*, 557 U.S. 193, 205-06 (2009) (avoiding constitutional question while expressing concerns about constitutionality of statute) *with Shelby Cnty., Ala. v. Holder*, ___ U.S. ___, 2013 WL 3184629 at *18 (June 25, 2013) (noting that by avoiding the constitutional question in *Northwest Austin*, the Court afforded Congress time to act in light of the Court's concerns). The Constitution assigns to Congress the power make decisions concerning the raising of armies. The Court should defer to Congress's authority (as required by *Rostker*) by allowing Congress to consider changes to the male-only registration requirement first.

## CONCLUSION

For the forgoing reasons, this case must be dismissed.

Dated: July 15, 2013           Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General
ANTHONY J. COPPOLINO
Deputy Branch Director

*Bryan R. Diederich*_____
BRYAN R. DIEDERICH (MA Bar. No. 647632)
United States Department of Justice
Civil Division
20 Massachusetts Ave, NW
Washington, D.C. 20004
Tel: (202) 305-0198
Fax: (202) 616-8470
Bryan.Diederich@usdoj.gov

**Reply Mem. in Supp. of Mot. to Dismiss,** *National Coalition for Men, et al. v. Selective Service System, et al.*, **CV13-02391-DSF(MANx)**