Name **Marc E. Angelucci**
Address **11734 Wilshire Blvd., Ste. C903**
City, State, Zip **Los Angeles, CA 90025**
Phone **(626) 319-3081**
Fax **(626) 236-4127**
E-Mail **marc.angelucci@yahoo.com**

☐ FPD ☐ Appointed ☐ CJA ☐ Pro Per ☒ Retained

FILED
2013 SEP 26 AM 10:10
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COALITION FOR MEN; JAMES LESMEISTER, <br><br> PLAINTIFF(S), <br> v. <br> SELECTIVE SERVICE SYSTEM; and LAWRENCE G. ROMO, <br><br> DEFENDANT(S). | CASE NUMBER: <br><br> CV-13-2391 DSF (MANx) <br><br><br> **NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that __National Coalition For Men, and James Lesmeister__ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☒ Judgment (specify):
   Datd July 29, 2013

☐ Other (specify):

Imposed or Filed on __July 29, 2013__. Entered on the docket in this action on __July 29, 2013__.

A copy of said judgment or order is attached hereto.

September 23, 2013
Date

Signature
☐ Appellant/ProSe ☒ Counsel for Appellant ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)             NOTICE OF APPEAL

```
Court Name: U.S. District Court
Division: 2
Receipt Number: LA079642
Cashier ID: mtcash
Transaction Date: 09/26/2013
Payer Name: MARC E ANGELUCCI

NOTICE OF APPEAL/DOCKETING FEE
For: MARC E ANGELUCCI
Case/Party: D-CAC-2-13-CV-002391-001
Amount:         $455.00

CREDIT CARD
 Amt Tendered: $455.00

Total Due:       $455.00
Total Tendered:  $455.00
Change Amt:      $0.00


No refunds without original
receipt. Returned checks will be
assessed a fee of $53.00.
```

JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COALITION FOR MEN and JAMES LESMEISTER, <br><br> Plaintiffs, <br><br> vs. <br><br> SELECTIVE SERVICE SYSTEM and LAWRENCE G. ROMO, <br><br> Defendants. | Case No.: CV 13–2391 DSF (MANx) <br><br> JUDGMENT |

The Court, the Honorable Dale S. Fischer, District Judge, Presiding, having ordered that the complaint be dismissed,

IT IS ORDERED AND ADJUDGED that Plaintiff take nothing, that the action be dismissed, and that Defendants recover their costs of suit pursuant to a bill of costs filed in accordance with 28 U.S.C. § 1920.

Dated: 7/29/13

*Dale S. Fischer*
Dale S. Fischer
United States District Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13–2391 DSF (MANx) | Date | 7/29/13 |
| Title | National Coalition for Men, et al. v. Selective Service System, et al. | | |

Present: The Honorable    DALE S. FISCHER, United States District Judge

| Debra Plato | Pamela Batalo |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Marc E. Angelucci | Lynn Y. Lee |

**Proceedings:**    Hearing on Defendants' Motion to Dismiss


The matter is called and counsel state their appearances. The Court hears oral argument. The matter is under submission and a written ruling will follow.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13–2391 DSF (MANx) | Date | 7/29/13 |

Title  National Coalition for Men, et al. v. Selective Service System, et al.

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Defendants' Motion to Dismiss (Docket No. 11)

## I.  INTRODUCTION

### A.  The Parties

Defendants Selective Service System (Selective Service) and Lawrence G. Romo move to dismiss the Complaint filed by Plaintiffs National Coalition for Men (NCM) and James Lesmeister under Federal Rule of Civil Procedure 12(b)(1), (b)(3), and (b)(6).[1] Plaintiffs allege that Selective Service's requirement that only males register for the draft violates the Fifth and Fourteenth Amendments of the United States Constitution. (Compl. ¶¶ 26–29.) Plaintiffs also bring a claim under 26 U.S.C. § 1983. (Id. ¶ 30–31.) Plaintiffs request declaratory and injunctive relief.

NCM is a non-profit 501(c)(3) California organization. (Id. ¶ 5.) It was established in 1976 and has litigated several cases in California state courts. (Id. ¶ 8.) Lesmeister is an 18-year old male United States citizen who resides near Houston, Texas. (Id. ¶ 10.) He recently registered for the draft. (Id.) NCM asserts that it has organizational standing. (Id. ¶ 9.)

### B.  Background

---

[1] As the Court concludes that dismissal is appropriate under Rule 12(b)(1), it does not address Defendants' 12(b)(3) and 12(b)(6) challenges.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The Military Selective Service Act (MSSA) "empowers the President, by proclamation, to require the registration of 'every male citizen' and male resident aliens between the ages of 18 and 26." Rostker v. Goldberg, 453 U.S. 57, 59 (1981) (quoting 50 U.S.C. app. § 454(a)); see also 50 U.S.C. app. § 453(a).[2] "The MSSA established a plan for maintaining 'adequate armed strength . . . to insure the security of [the] Nation.'" Rostker, 453 U.S. at 75 (quoting 50 U.S.C. app. § 451(b)). "Registration is the first step 'in a united and continuous process designed to raise an army speedily and efficiently.'" Id. (citation omitted) (quoting Falbo v. United States, 320 U.S. 549, 553 (1944)). "Congress provided for the reactivation of registration in order to 'provid[e] the means for the early delivery of inductees in an emergency.'" Id. (quoting S. Rep. No. 96–826, at 156 (1980)).

In Rostker, the Supreme Court concluded that "Congress acted well within its constitutional authority when it authorized the registration of men, and not women, under the [MSSA]." Id. at 83. After examining the legislative history of the MSSA, the Court explained that, "[t]he purpose of registration . . . was to prepare for a draft *of combat troops.*" Id. at 76. At the time Rostker was decided, "[w]omen as a group . . . [were] not eligible for combat." Id. The Navy and Air Force statutorily prohibited women from combat roles. Id. (citing 10 U.S.C. § 6015 (1976)). "The Army and Marine Corps preclude[d] the use of women in combat as a matter of established policy." Id. (citation omitted).

Since Rostker was decided, the role of women in the armed forces has changed. "Legislation enacted after the decision i[n] Rostker permits women to serve on Navy combat ships and fly combat aircraft, and a new Navy policy will allow women to serve on submarines." Elgin v. U.S. Dept. of Treasury, 641 F.3d 6, 23 (1st Cir. 2011) (Stahl, J., concurring) (citing, among others, Pub. L. No. 103–160, § 541, 107 Stat. 1547, 1659 (1993) (repealing statutory ban on assignment of women to combat ships); Pub. L. No. 102–190, § 531, 105 Stat. 1290, 1365 (1991) (repealing ban on women from serving on aircraft engaged in combat missions)). In 1994, the Secretary of Defense issued a "Direct Ground Combat Definition and Assignment Rule" (1994 Rule), which opened certain units to women but left them ineligible for assignment to direct ground combat units. (See Defs.' Mem. in Supp. of Mot. to Dismiss (Defs.' Mem.) Ex. A, Report to Congress on the Review of Laws, Policies and Regulations Restricting the Service of Female

---

[2] "[I]t shall be the duty of every male citizen of the United States, and every other male person residing in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and twenty-six, to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder." 50 U.S.C. app. § 453(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

Members in the U.S. Armed Force (1994 Report) 48–49.)[3]

In January 2013, the Secretary of Defense and Chairman of the Joint Chiefs of Staff rescinded the 1994 Rule. (See Compl. ¶ 19; Defs.' Mem. Ex. B, Mem. for Secretaries of the Military Depts. Acting Under Sec'y of Def. for Personnel & Readiness (2013 Memorandum).)

## II. LEGAL STANDARD

The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.

On a motion to dismiss, the Court accepts as true all factual allegations and construes the pleadings in the light most favorable to Plaintiffs. Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (citation omitted). "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation omitted).

"In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit affidavits or any other evidence properly before the court. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (citation and quotation marks omitted).

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" Oklevueha, 676 F.3d at 835 (quoting U.S. Const. art. III, § 2). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights

---

[3] While Plaintiffs do not refer to the 1994 Rule and 1994 Report in the Complaint, the Court may take judicial notice of these public records. United States v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008) (citation omitted) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment" (internal quotation marks omitted)). Judicial notice under Federal Rule of Evidence 201 is proper as the Court "refer[s] to the report only as background material, without relying on it to resolve any factual dispute." Id. Plaintiffs do not dispute the accuracy or prior effect of the 1994 Rule and 1994 Report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

"Ripeness is one component of the Article III case or controversy requirement." Oklevueha, 676 F.3d at 835. The doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n. 18 (1993). "The 'basic rationale' of the ripeness requirement is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Oklevueha, 676 F.3d at 835 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). "The ripeness inquiry contains both a constitutional and a prudential component." Oklevueha, 676 F.3d at 835 (citation and quotation marks omitted). "The burden of establishing ripeness and standing rests on the party asserting the claim." Colwell, 558 F.3d at 1121 (citing Renne v. Geary, 501 U.S. 312, 316 (1991)).

A.   **Constitutional Ripeness**

"[B]ecause the focus of [the] ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline." Thomas, 220 F.3d at 1138 (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)). The "Constitution mandates that prior to [the Court's] exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" Id. at 1139 (quoting Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945)). The constitutional component of ripeness is a jurisdictional prerequisite." In re Coleman, 560 F.3d 1000, 1005 (9th Cir. 2009) (citation and quotation marks omitted).

"The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (citation and quotation marks omitted) (citing Hulteen v. AT & T Corp., 498 F.3d 1001, 1004 n.1 (9th Cir. 2007) (en banc)). "Where a dispute hangs on future contingencies that may or may not occur . . . it may be too impermissibly speculative to present a justiciable controversy." Id. (citation and internal quotation marks omitted).

B.   **Prudential Ripeness**

"The question of prudential ripeness requires us to first consider the fitness of the issues for judicial review, followed by the hardship to the parties of withholding court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

consideration." Oklevueha, 676 F.3d at 837 (citation omitted). "Courts have regularly declined on prudential grounds to review challenges to recently promulgated laws or regulations in favor of awaiting an actual application of the new rule." Id. (citing, among others, Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158, 164 (1967); Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 812 (2003)).

"The question of prudential ripeness requires us to first consider the fitness of the issues for judicial review, followed by the hardship to the parties of withholding court consideration." Id. at 838 (citation omitted).

### III. DISCUSSION

Plaintiffs have failed to demonstrate that, under all the circumstances, "there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In re Coleman, 560 F.3d at 1005 (citation and quotation marks omitted). The issues presented are hypothetical and abstract, not definite and concrete.

Plaintiffs' case turns on the conclusory and unsupported allegation that as a result of the 2013 Memorandum "women will be allowed to enter all combat positions in all branches of the U.S. military."[4] (Compl. ¶ 19.) However, Plaintiffs' assertion is not supported by the 2013 Memorandum. Under the 2013 Memorandum it is far from certain that "all combat positions in all branches" will be opened to women.

Defendants have provided the 2013 Memorandum in its entirety. (Defs.' Mem. Ex. B.) While the 2013 Memorandum rescinds the 1994 Rule, it does not do what Plaintiffs allege. It specifies that "[c]urrently closed units and positions will be opened by each relevant Service, consistent with the guiding principles set forth in the attached memorandum and after the development and implementation of validated, gender-neutral occupational standards and the required notifications to Congress." (Id. at 54.) It does not mandate the opening of "all combat positions in all branches."

The 2013 Memorandum provides a January 1, 2016 deadline for the integration of women. (Id.) It does not order immediate integration of combat units. It does not identify any specific units, battalions, or geographical areas previously defined as combat zones in which women will be permitted to serve. Substantial uncertainty exists as to the extent to which women will be integrated into combat units as a result of the 2013

---

[4] As explained above, the Court need not accept conclusory statements as true. See Oklevueha, 676 F.3d 829 at 835 (citation omitted) ("However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss"). In any event, as explained below, the government has submitted uncontradicted documentary evidence that this allegation is inaccurate with respect to the 2013 Memorandum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Memorandum. By its plain terms, the 2013 Memorandum provides for exceptions as to "occupational specialt[ies]" and "unit[s]" with the approval of the Chairman of the Joint Chiefs of Staff and the Secretary of Defense. (Id. at 54–55.)

At this time, the constitutionality of the challenged Selective Service rules and procedures "hangs on future contingencies that may or may not occur" and Plaintiffs' challenge is "too impermissibly speculative to present a justiciable controversy." In re Coleman, 560 F.3d at 1005 (citation and quotation marks omitted). The current factual posture of this case is such that the controversy over the Selective Service rules and procedures is not of sufficient immediacy and reality to warrant declaratory judgment.

By providing the 2013 Memorandum, Defendants have provided evidence establishing that this case is not yet constitutionally ripe. In this situation, the Ninth Circuit has explained that it is "necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell, 558 F.3d at 1121 (citation and quotation marks omitted). Plaintiffs have failed to do so.[5] The Court cannot conclude that subject matter jurisdiction is proper.

Even if Plaintiffs had been able to demonstrate that the constitutional ripeness requirement was satisfied, prudential ripeness considerations dictate that the Court must decline to hear the case at this time. Rostker made clear in the context of the Selective Service that in deciding questions that touch on military affairs and national security the Court "must be particularly careful not to substitute [its] judgment of what is desirable for that of Congress, or our own evaluation of evidence for a reasonable evaluation by the Legislative Branch." 453 U.S. at 69.

In Rostker, the Supreme Court found that "[t]he exemption of women from registration is not only sufficiently but also closely related to Congress' purpose in authorizing registration." 543 U.S. at 79 (citations omitted). After the political branches have decided when, where, and in what capacities women may serve in combat units, a court may then properly consider whether male-only registration remains sufficiently related to Congress' purpose in authorizing registration.[6] The issue is not currently it for

---

[5] Specifically, Plaintiffs have neither pointed to nor introduced any evidence that woman have been integrated into any combat units. They have also failed to identify any definite and concrete specifications for particular combat units into which women will be integrated in the near future.

[6] Of course, Congress may later, but prior to 2016, decide to require women to register. This Court lacks jurisdiction to pass judgment on the registration requirement when the political branches have not yet fully considered the male-only nature of the draft alongside female participation in combat units.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

judicial review. While Plaintiffs applaud - rather than challenge - the policy stated in the 2013 Memorandum, the reasons for judicial restraint are similar to those addressed in Toilet Goods Ass'n and Nat'l Park Hospitality Ass'n. The Court cannot know what effect implementation of the 2013 Memorandum will actually have on the ability of women to serve in combat until it is implemented.

The hardship to Plaintiffs of withholding court consideration is de minimis when considering, as Defendant points out, that males would still be required to register even if the registration requirement included women. The Rostker Court discussed at great length the need to provide appropriate deference to Congress in the areas of military affairs and national security. 453 U.S. at 64–72. This deference mandates that Congress and the Executive be provided adequate time and flexibility to fashion appropriate military policy. "Congress has demonstrated an acute awareness of the gender distinctions in draft registration requirements, and yet it has not amended the statute." Elgin, 641 F.3d at 24 (Stahl, J., concurring) (citing Pub. L. No. 109–163, § 541(a)(1), 119 Stat. 3136, 3251–52 (2006) (directing Secretary of Defense to provide advance notice of changes to ground combat policy along with "detailed analysis of legal implication of the proposed change with respect to the constitutionality of the application of the Military Selective Service Act to males only" (internal citation omitted)). The Court should and will not evaluate the male-only registration requirement at this time because Plaintiffs have failed to demonstrate that the issue is ripe for review.[7]

---

[7] As Plaintiffs have failed to demonstrate that jurisdiction is proper, the Court does not reach the merits of Plaintiffs' claims. However, as Plaintiffs' counsel admitted at oral argument, Plaintiffs could not in any event state a claim under the Fourteenth Amendment or 28 U.S.C. § 1983. The Fourteenth Amendment applies to state action, not action by the federal government. See U.S. Const., amend. XIV, § 1; San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 (1987) ("The Fourteenth Amendment applies to actions by a State"). Section 1983 does not apply to the federal government. Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) ("[W]e take this opportunity to remind the Bar that by its very terms, § 1983 precludes liability in federal government actors).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

### IV.  CONCLUSION

The Court rejects the notion that it (or another district court) will be unable to determine when or whether Plaintiffs' claims become ripe, (see Opp'n at 13), or to make a "well-considered adjudication" if a draft is implemented, (see Opp'n at 15). Plaintiffs have failed to demonstrate that the case is ripe for review and the Court finds that any amendment would be futile at this time. The government's motion is GRANTED. The Complaint is dismissed.

IT IS SO ORDERED.