**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL COALITION FOR MEN and JAMES LESMEISTER, Individually and on behalf of others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM and LAWRENCE G. ROMO, as Director of Selective Service System,<br><br>        Defendants - Appellees. | No. 13-56690<br><br>D.C. No. 2:13-cv-02391-DSF-MAN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and BERZON, Circuit Judges, and STEEH,[**] Senior District Judge.

The National Coalition for Men ("Coalition") and James Lesmeister appeal the district court's dismissal of their suit against the Selective Service as unripe. We reverse and remand for further proceedings.

1. "[S]ince ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern." *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 140 (1974). The district court's decision was largely premised on the fact that the Department of Defense has been engaged in a multi-year process of integrating women into formerly closed positions, and it was unclear the extent to which these positions would be opened. Much of that uncertainty has passed: as the government has noted, the Secretary of Defense recently announced that the military "intends to open all formerly closed positions" to women.

Even if some uncertainty remains as to the full extent to which women will end up serving in combat roles, that does not render the Coalition and Lesmeister's claims unripe. The ripeness inquiry asks whether there is a legitimate controversy

---

[**] The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

that is "fit for adjudication."  *Assoc. of Am. Med. Colls. v. United States*, 217 F.3d 770, 782 (9th Cir. 2000) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).  Lesmeister and the Coalition point to numerous specific changes in statutes, policies, and practices that have happened since the Supreme Court's decision in *Rostker v. Goldberg*, 453 U.S. 57 (1981).  The Selective Service argues that women's roles in combat have not changed sufficiently to revisit *Rostker*.  But whether there has been sufficient change to revisit *Rostker* is a question about the merits of the Coalition and Lesmeister's claims, not about ripeness.  We make no comment on the merits of these claims, other than noting that they are "definite and concrete, not hypothetical or abstract," and so ripe for adjudication.  *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)).

    2. For purposes of standing's redressability inquiry, the injuries the Coalition and Lesmeister allege could be addressed either by extending the burden of registration to women or by striking down the requirement for men.  When a court sustains an equal protection challenge to a statute, "it may either declare the statute a nullity . . . or it may extend the coverage of the statute."  *Heckler v. Mathews*, 465 U.S. 728, 738 (1984) (quoting *Welsh v. United States*, 398 U.S. 333, 361

3

(1970) (Harlan, J., concurring in the result)); *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 426-27 (2010) ("How equality is accomplished—by extension or invalidation of the unequally distributed benefit or burden, or some other measure—is a matter on which the Constitution is silent."). We express no view as to which remedy might ultimately be appropriate. But we note the Selective Service is wrong to argue that the Coalition and Lesmeister lack standing because their alleged equality injuries would not be redressed if the burdens they challenge were extended to women.

      3. We decline otherwise to address the Selective Service's standing argument. The remaining challenges to standing are premised on alleged deficiencies in the complaint. The district court did not address these alleged deficiencies. A full consideration of the case-specific standing issues may benefit from amendment of the complaint and factual development. *See, e.g.*, *Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013); *Friery v. L.A. Unified Sch. Dist.*, 448 F.3d 1146, 1150 (9th Cir. 2006).

      We remand for the district court to consider the questions of standing other than the one we have addressed, and, if it has jurisdiction, the merits of the case.

      REVERSED and REMANDED.