1 Marc E. Angelucci, Esq. (SBN 211291)
Appearing *Pro Hac Vice*

2 LAW OFFICE OF MARC E. ANGELUCCI
410 N. Maryland Avenue

3 Glendale, CA 91206
Telephone: (626) 319-3081

4 Facsimile: (626) 236-4127

5 Email: Marc.Angelucci@yahoo.com

6 Attorney for Plaintiff, James Lesmeister

7

8

9

10                 **IN THE UNITED STATES DISTRICT COURT**

11       **FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

12 JAMES   LESMEISTER,   Individually | **Civil Action No. 4:16-cv-03362**
and on behalf of others similarly

13 situated,

14                                    | **NOTICE OF PLAINTIFF'S MOTION FOR**
PLAINTIFF,                            | **LEAVE TO FILE FIRST AMENDED**

15                                    | **COMPLAINT AND TO CHANGE VENUE**

16      v.                            | **Request for Telephonic**

17 SELECTIVE     SERVICE    SYSTEM;   | **Appearance or Decision without**
LAWRENCE G. ROMO, as Director of     | **Appearances**

18 SELECTIVE   SERVICE   SYSTEM;  and
DOES 1 through 50, Inclusive,

19                                    | **Honorable Gray H. Miller**
DEFENDANTS.                          | **Action Filed: April 4, 2013**

20

21

22     PLEASE TAKE NOTICE that pursuant to United States Code, Title

23 28, Section 1404(a), Plaintiff will bring the following Motion for

24 Leave to File a First Amended Complaint and to Change Venue to the

25 District Court of California, either in Central District (where the

26 case was originally filed), or in the Southern District.

27

28                                  1

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT AND TO CHANGE VENUE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This Motion is based on the facts that Plaintiff wishes to add National Coalition For Men ("NCFM"), who was previously dismissed without prejudice for lack of organizational standing, and to add NCFM member Anthony Davis (together, NCFM and Davis will be hereinafter called "Proposed Plaintiffs"), and that NCFM's national headquarters is located in San Diego, California, Davis is a resident of San Diego, California, and counsel for Plaintiff and Proposed Plaintiffs resides and practices in Los Angeles, California.  This motion is based on the Memorandum attached hereto, and the proposed First Amended Complaint filed herewith.  This Motion is made following a conference pursuant to Local Rule 6(c)1.

Respectfully Submitted.

Law Office of Marc E. Angelucci

Date: 1/26/17                    By:  // Marc E. Angelucci //
                                      Marc E. Angelucci, Esq.
                                      Attorney for Plaintiff,
                                      James Lesmeister

2

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

1
2
3
4
5

Marc E. Angelucci, Esq. (SBN 211291)
Appearing *Pro Hac Vice*
LAW OFFICE OF MARC E. ANGELUCCI
410 N. Maryland Avenue
Glendale, CA 91206
Telephone: (626) 319-3081
Facsimile: (626) 236-4127
Email: marc.angelucci@yahoo.com

6

Attorney for Plaintiff, James Lesmeister

7

8

9

10

### IN THE UNITED STATES DISTRICT COURT

11

### FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

12
13

JAMES   LESMEISTER,   Individually
and on behalf of others similarly
situated,

**Civil Action No. 4:16–cv–03362**

14

PLAINTIFF,

15

v.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE**

16

17
18
19

SELECTIVE       SERVICE       SYSTEM;
LAWRENCE G. ROMO, as Director of
SELECTIVE   SERVICE   SYSTEM;   and
DOES 1 through 50, Inclusive,

20

DEFENDANTS.

**Honorable Gray H. Miller**
**Action Filed: April 4, 2013**

21

22

### I.    FACTUAL AND PROCEDURAL BACKGROUND

23

24

25

26

27

   On April 4, 2013, Plaintiff, and NCFM, filed this lawsuit challenging the Constitutionality of the sex discrimination in the Military Selective Service Act ("MSSA") requiring only males to register for the draft.

28

3

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT AND TO CHANGE VENUE

On July 29, 2013 the United States District Court, Central District of California ("Central District Court of California") in Los Angeles granted Defendants' Motion to Dismiss on the sole ground that the case was not ripe.  Plaintiffs appealed.

On February 19, 2016, the United States Court of Appeal, Ninth Circuit, reversed the order.  On remand, Defendants filed another Motion to Dismiss in which they challenged Plaintiffs' standing.

On November 9, 2016, the Central District of California ruled that Lesmeister has standing, but NCFM does not have associational standing because NCFM did not name any members who would have standing.   NCFM was dismissed without prejudice and the court transferred the case to the Southern District Court of Texas, Houston Division ("Southern District Court of Texas"), where Lesmeister, resides.  On November 16, 2016, the Southern District Court of Texas ordered the parties to file a joint case management plan by December 30, 2016.

On November 16, 2016, Defendants emailed Plaintiff's counsel stating  Defendants intend to file another motion to dismiss to address issues the Central District of California did not address, and Defendants requested an agreement on an extension of time to file an answer or motion to dismiss.

On December 1, 2016, Plaintiff replied stating they intend to amend their complaint to add NCFM and a member of NCFM in San Diego,

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

and asked whether Defendants would oppose the motion. On December 2, 2016, Defendants replied that would not oppose a motion to amend as long as the parties can agree on the response deadline, but that they cannot say whether they would oppose the motion to transfer until they see the motion itself.

On December 9, 2016, Plaintiff and Defendants filed a joint motion requiring Plaintiff (and Proposed Plaintiffs) to file their motion by January 27, 2017, Defendants to respond by February 15, 2017, Plaintiff to reply by February 27, 2017, and Defendants to respond to the operative complaint within 45 days of the date of entry of the amended complaint if leave to amend is granted.

## II.   REQUEST FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

This motion to amend is unopposed by Defendants.  Plaintiff and NCFM filed herewith a proposed First Amended Complaint that adds NCFM and Davis as plaintiffs, and respectfully request leave to amend so that NCFM and Davis can be included as plaintiffs.

An organization that has not suffered any injury itself may nevertheless sue in a representative capacity for injuries of its members by alleging that (1) At least one member has standing in his or her own right to present the claim asserted by the association; (2) The interests sought to be protected are germane to the association's purpose; and (3) Neither the claim asserted nor the relief requested requires that the members participate individually

5

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

in the suit. *Hunt v. Washington State Apple Advertising Comm'n* (432 US 333, 343 (1977). As long as resolution of the claims benefits the organization's members and the claims can be proven by evidence from representative injured members, the participation of those individual members will not thwart associational standing. *Association of American Physicians & Surgeons, Inc. v. Texas Med. Bd.* (5th Cir. 2010). 627 F.2d 547, 522.

In this case, NCFM has associational standing because, as Paragraph 5 of the First Amended Complaint allege,  some NCFM members, including Plaintiff Davis, would otherwise have standing to sue in their own right, the interests NCFM seeks to protect are germane to NCFM's purpose and neither the claim asserted, nor the relief requested, requires the participation of individual NCFM members in this lawsuit. And as Paragraph 6 of the First Amended Complaint asserts, some of NCFM's members are males ages 18–25 or who will be age 18–25 at some time relative to this lawsuit and the relief it seeks, are harmed by or subject to the sex-discriminatory registration requirements, are United States citizens, are not members of the military or students at military academies or otherwise exempt from the draft, and support equal treatment of males and females, and some NCFM's members have or are likely to have male children or loved ones who meet the criteria.

6

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

Davis, a member of NCFM, has standing for the same reasons Lesmeister has already been found to have standing by the Central District of California. He is a male within the age of 18-25, a resident and U.S. citizen residing in San Diego, California, is in the age group required by Defendants to register for the military draft and has recently registered for the military draft as is required of him as a male, is harmed by or subject to the sex-discriminatory registration requirements, is not a members of the military or a student at military academies or otherwise exempt from the draft, and he supports equal treatment of males and females.

Therefore, Plaintiff respectfully requests leave to file and First Amended Complaint filed herewith.[1]

## III.  **REQUEST FOR A CHANGE OF VENUE TO THE DISTRICT OF CALIFORNIA**

Where venue is proper, courts may transfer to another district "for the convenience of parties and witnesses, in the interest of justice," if the transfer is to a district where the case might have been brought. 28 USC § 1404(a).

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 USC § 1404(a). *Securities Investor Protection*

---

[1] The First Amended Complaint filed concurrently herewith also omits two causes of action that were previously in the initial Complaint but later dismissed, namely, Count II (Violation of Fourteenth Amendment) and Count III (Violation of 28 U.S.C. § 1983).

7

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

*Corp. v. Vigman* (9th Cir. 1985) 764 F.2d 1309, 1317; *Lewis v. ACB Business Services, Inc.* (6th Cir. 1998) 135 F3d 389, 413.

Of course, a Plaintiff's choice should not be given "inordinate" weight. *In re TS Tech USA Corp* (Fed Cir. 2008) 551 F2d 1315, 1320. And the venue transfer provisions of Section 1404(a) "are not meant to merely shift the inconvenience to the plaintiff." *Reed Elsevier, Inc. v. Innovator Corp.* (SD OH 2000) 105 F. Supp.2d 816, 821.

Plaintiff and NCFM chose to file this action in the Central District of California because NCFM's national office is in San Diego, California, a two hour drive from Los Angeles, and NCFM has no office in Texas. Also, NCFM is represented on a non-profit basis by a Los Angeles attorney. Thus, the Central District of California is the most convenient forum. Defendants will likely continue to challenge NCFM's standing, so NCFM's person most knowledgeable may have to testify. Associational standing has additional requirements beyond what individual plaintiffs must establish. Davis will probably have to testify as well, which makes at least two plaintiffs in California that will likely have to testify.

Between Los Angeles and San Diego, the Los Angeles court would also be most convenient for counsel for Plaintiff and Proposed Plaintiffs. Nonetheless, San Diego is only a 2 hour drive, so the Central or Southern districts are both more convenient than Texas.

Courts have held that, where a plaintiff is a private individual

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

and defendant is a large corporation, defendant's assertion regarding monetary expense and difficulty in litigating in a distant forum are likely to be disregarded. *Miracle v. NYP Holdings, Inc.* (D HI 200) 87 F.Supp,2d 1060, 1073). Thus, the capacities of the parties are considered in determining convenience of the forum.

In this case, NCFM is a non-profit organization with its national office in San Diego, California, and with no office in Texas. Counsel for Plaintiff, and for NCFM and Davis, resides and practices in Los Angeles, California. By contrast, Defendants are the federal government, and their attorneys have offices in both Los Angeles and San Diego. They are not inconvenienced by having the venue in California. Nor have they ever alleged they are unduly burdened by the case being in California. Having the venue in California would require the least amount of travel for all counsel in this case.

Plaintiffs do not contend that venue in Texas is improper. However, it is worth noting where there is no real property involved in the action, venue is proper where the plaintiffs reside (28 U.S.C. § 1391, subd. (e)(1)(C)), and a non-profit organization "resides" where they have an office. *Center for Biological Diversity v. National Science Foundation*, D.C.Cal.2002, 2002 WL 31548073, 55 ERC 1873; *Natural Resources Defense Council v. Abraham*, C.A.9th, 2001, 244 F.3d 742. In this case, NCFM's national office is in San Diego, California, and NCFM has no office in Texas.

9

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

Moreover, the events giving rise to the cause of action substantially occur in California, the most populous state, as men in California are subject to and register under the MSSA, while similarly situated women are not required or allowed to register.

Therefore, Plaintiff respectfully requests that venue transfer to the District Court of California, either the Central District near Los Angeles, or the Southern District near San Diego.

## IV. REQUEST FOR TELEPHONIC APPEARANCE OR HEARING WITHOUT APPEARANCES

Plaintiff's attorney lives and practices in California. Accordingly, for the sake of judicial economy and convenience, Plaintiff requests that this Motion be decided either by telephonic appearance, or on the pleadings alone without any appearances.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this honorable Court grant leave to file the concurrently filed First Amended Complaint, and that the case be transferred to the United States District Court of California, either the Southern District or the Central District.

Respectfully Submitted.

Law Office of Marc E. Angelucci

Date: 1/26/17                    By:  // Marc E. Angelucci //
                                      Marc E. Angelucci, Esq.
                                      Attorney for Plaintiff,
                                      James Lesmeister

10

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE

1
2
3                          **CERTIFICATE OF SERVICE**

4       I hereby certify that on December 9, 2016, I electronically

5    filed a copy of the foregoing. Notice of this filing will be sent

6
7    via email to all parties by operation of the Court's electronic

8    filing system. Parties may access this filing through the Court's

9    CM/ECF System.

10   Date: 1/26/17                    By:  // Marc E. Angelucci //

11
12                        **CERTIFICATE OF CONFERENCE**

13       I hereby certify that I conferred with Defendants' counsel

14
15   about the relief requested in the foregoing and Defendants' counsel

16   indicated Defendants' would not oppose the motion to amend as long

17   as we agreed on a scheduling order, which we have agreed to and

18   filed with the Court.  Defendants' counsel stated they cannot

19   indicate whether they would oppose the Motion to Change Venue until

20   they see the motion itself.

21
22
23   Date: 1/26/17                    By:  // Marc E. Angelucci //

24
25
26
27
28                                  11

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT AND TO CHANGE VENUE

1
2
3
4
5

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | |
|---|---|
| JAMES   LESMEISTER,   Individually and on behalf of others similarly situated,<br><br>PLAINTIFF,<br><br>   v.<br><br>SELECTIVE       SERVICE       SYSTEM; LAWRENCE G. ROMO, as Director of SELECTIVE   SERVICE   SYSTEM;   and DOES 1 through 50, Inclusive,<br><br>DEFENDANTS. | **Civil Action No. 4:16–cv–03362**<br><br>**ORDER ON NOTICE OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO CHANGE VENUE**<br><br>**Request for Telephonic Appearance or Decision without Appearances**<br><br>**Honorable Gray H. Miller**<br>**Action Filed: April 4, 2013** |

    GOOD CAUSE APPEARING, Plaintiff's Motion for Leave to File a

First Amended Complaint and to Change Venue is granted.  The First

Amended Complaint filed concurrently with said Motion is deemed

filed as of _____, 2017. The case shall be transferred to

_____.

DATE:                     _____
                              DISTRICT COURT JUSTICE

12

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT AND TO CHANGE VENUE