1
Marc E. Angelucci, Esq. (SBN 211291)
Appearing *Pro Hac Vice*
2
LAW OFFICE OF MARC E. ANGELUCCI
410 N. Maryland Avenue
3
Glendale, CA 91206
Telephone: (626) 319-3081
4
Facsimile: (626) 236-4127
5
Email: Marc.Angelucci@yahoo.com

6
Attorney for Plaintiff, James Lesmeister

7

8

9

10
**IN THE UNITED STATES DISTRICT COURT**

11
**FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

12
| NATIONAL COALITION FOR MEN; JAMES | **Civil Action No. 4:16-cv-03362** |
13
| LESMEISTER, Individually and on behalf of others similarly | |
14
| situated; and ANTHONY DAVIS, individually and on behalf of | **FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY** |
15
| others similarly situated, | **RELIEF** |
16
| PLAINTIFFS, | |
17
|     v. | |
18
| SELECTIVE   SERVICE   SYSTEM; | **Honorable Gray H. Miller** |
19
| LAWRENCE G. ROMO, as Director of | **Action Filed: April 4, 2013** |
20
| SELECTIVE   SERVICE   SYSTEM;   and DOES 1 through 50, Inclusive, | |
21
| | |
22
| DEFENDANTS. | |

23

24
     Plaintiffs National Coalition For Men (hereinafter "NCFM"),

25
James Lesmeister   (hereinafter   "Lesmeister"),   and Anthony David

26
("Davis")  (collectively  hereinafter  "Plaintiffs"),  bring  this

27
complaint against Defendants Selective Service System (hereinafter

28
1

"SSS") and its Director Lawrence G. Romo (collectively hereinafter ("Defendants"). Plaintiffs request injunctive and declaratory relief for Defendants to treat women and men equally by requiring both women and men to register for the U.S. military draft.

**PARTIES**

1. Plaintiff NCFM is a non-profit, 501(c)(3) educational and civil rights corporation organized under the laws of the State of California and of the United States.

2. NCFM is registered with the Combined Federal Campaign for non-profit organizations.

3. NCFM was established in 1976 to examine how sex discrimination adversely affects males in military conscription, child custody laws, parenting rights, domestic violence services, family law, paternity laws, criminal sentencing, public benefits, education, occupations that are not traditionally male (nursing, school teachers, etc.), and other areas.

4. NCFM assisted the California Legislature in enacting legislation to protect men from paternity fraud, and helped overturn unconstitutional laws that discriminated against male victims of domestic violence in California in *Woods v. Horton* (2008) 167 Cal.App.4th 658.  NCFM members were the prevailing appellants and attorney in the landmark California Supreme Court case of *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, which held that women, people of color, gays and lesbians, and other groups

FIRST AMENDED COMPLAINT

that California businesses discriminated against based on protected personal characteristics did not have to first assert their right to equal treatment to an offending business in order to have standing to sue for unlawful discrimination under California's Unruh Civil Rights Act.

5. NCFM has associational standing because some NCFM members, including Plaintiff Davis, would otherwise have standing to sue in their own right, the interests NCFM seeks to protect are germane to NCFM's purpose and neither the claim asserted, nor the relief requested, requires the participation of individual NCFM members in this lawsuit.

6. Some of NCFM's members are males ages 18-25 or who will be age 18-25 at some time relative to this lawsuit and the relief it seeks, are harmed by or subject to the sex-discriminatory registration requirements, are United States citizens, are not members of the military or students at military academies or otherwise exempt from the draft, and support equal treatment of males and females, and some NCFM's members have or are likely to have male children or loved ones who meet the criteria.

7. Plaintiff Lesmeister is a male age 18-25, a resident and U.S. citizen residing near Houston, Texas, is in the age group required by Defendants to register for the military draft and has recently registered for the military draft as is required of him as a male, is harmed by or subject to the sex-discriminatory registration

3

FIRST AMENDED COMPLAINT

requirements, is not a members of the military or a student at military academies or otherwise exempt from the draft, and he supports equal treatment of males and females.

8. Davis is a male age 18-25, a resident and U.S. citizen residing in San Diego, California, is in the age group required by Defendants to register for the military draft and has recently registered for the military draft as is required of him as a male, is harmed by or subject to the sex-discriminatory registration requirements, is not a members of the military or a student at military academies or otherwise exempt from the draft, and he supports equal treatment of males and females.  Davis is a member of NCFM.

9. Defendant SSS is an independent agency within the Executive Branch of the Federal Government of the United States of America. The SSS collects and maintains information on men potentially subject to military conscription.  Male U.S. citizens and male immigrant non-citizens between the ages of 18 and 25, are all required by law to register with the SSS within thirty days of their 18th birthdays and must notify the SSS within ten days of any changes to any of the information they provided on their registration cards, such as a change of address.  A 2010 report by the General Accounting Office estimated the SSS's registration rate at 92%, with the names and addresses of over 16.2 million men on file.  The SSS provides the names of all registrants to the Joint Advertising Marketing Research & Studies ("JAMRS") program for inclusion in

4

FIRST AMENDED COMPLAINT

the JAMRS Consolidated Recruitment Database.  The names are distributed to various government agencies for recruiting purposes on a quarterly basis.

10. Defendant, Lawrence G. Romo, is Director of the SSS.  The Director of SSS is appointed by the President of the United States of America and confirmed by the Senate.

11. Defendants DOES 1 through 50 are sued as fictitious entities at this time and will be added to this Complaint by amendment when their true names are ascertained.

12. Plaintiffs are informed and believe and thereon allege that each of the Defendants is responsible and liable for the illegal and unconstitutional acts alleged herein.

13. There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**JURISDICTION**

14. Plaintiffs bring this action under the Fifth Amendment of the United States Constitution to challenge Defendants' sex discrimination against males in Defendants' Selective Service System, which requires only males register for the draft into the branches of the U.S. military.

5

15. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

    b. 28 U.S.C. § 1343 (3) and (4), which give district courts original jurisdiction over actions to secure civil rights extended by the United States government.

**VENUE**

16. The case was originally filed in the Central District Court of California, because NCFM's national office is in California and Plaintiffs' attorney resides in Los Angeles, California.

17. The Central District Court of California dismissed NCFM without prejudice on a Motion to Dismiss, and transferred to case to the Southern District Court of Texas, Houston Division, because that is where Lesmeister, whom the court found has standing, resides.

18. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in this District, or a substantial part of property that is the subject of the action is situated in this District.

19. Nonetheless, Plaintiffs assert that the case would be more conveniently heard in California, because NCFM's national office is in San Diego, California, and Plaintiffs' attorney resides in Los Angeles, California, only two hours away from San Diego.

6

FIRST AMENDED COMPLAINT

**PROCEDURAL BACKGROUND**

20. Plaintiffs re-allege each allegation set forth above.

21. In the 1981 U.S. Supreme Court decision of *Rostker v. Goldberg*, 453 U.S. 57 (1981), a group of men asserted the sex discrimination in the SSS violated their rights to Equal Protection under the Fifth Amendment to the United States Constitution.  In a sharply divided decision with a vigorous dissent written by Justice Thurgood Marshall, the majority of the Justices ruled against the men on the basis that women were excluded from combat, and therefore, men and women were not similarly situated.

22. On January 24, 2013 Secretary of Defense Leon E. Panetta and Chairman of the Joint Chiefs of Staff Martin E. Dempsey issued a Memorandum that officially rescinded the 1994 ban on women in combat (hereinafter, "2013 Memorandum").

23. The 2013 Memorandum gave the military departments until May 15, 2013 to submit "detailed plans for the implementation of this directive" and directed that integration of women into combat positions be completed "as expeditiously as possible" and no later than January 1, 2016.

24. The 2013 Memorandum further directed that any recommendations to keep women out of certain units must be personally approved by the Chairman and by the Secretary of Defense and must be "narrowly tailored" and "based on rigorous analysis of factual data."

7

25. As the 2013 Memorandum itself notes, many changes had already occurred between the 1981 *Rostker* decision and the 2013 Memorandum. For example, page one of the 2013 Memorandum states in February 2012 the military opened over 14,000 positions previously closed to women, and that, as of January 24, 2013, thousands of women have served alongside men in Iraq and Afghanistan and were exposed to hostile enemy action.

26. Therefore, the sole legal basis for requiring only males to register with the SSS for the military draft no longer applies, and Defendants should now treat men and women equally by either requiring both men and women to register, or by ending the SSS.

27. On April 4, 2013, Plaintiffs filed this lawsuit for injunctive, declaratory, and other relief ordering Defendants to rescind the MSSA's male-only registration requirement, either by requiring both sexes to register for MSSA or by rescinding the MSSA for both sexes, on the ground that the gender-specific registration requirement violates the constitutional right to equal protection.

28. On June 19, 2013, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)1, 12(b)3, and 12(b)6, arguing, *inter alia,* that the case is not ripe because the repeal of the ban on women in combat has not been fully implemented and it is not clear whether all military branches will allow women in combat, and that Lesmeister and NCFM lack standing to sue.

8

29. On July 29, 2013 the Central District Court of California dismissed the action on the sole ground of ripeness.

30. Lesmeister and NCFM appealed to the Ninth Circuit Court of Appeals.

31. On December 4, 2015, Defendants wrote a letter to the Ninth Circuit Court of Appeals stating, in pertinent part:

> on December 3, 2015, as required by 10 U.S.C. § 652 and 10 U.S.C. § 6035, the Secretary of Defense notified Congress that the Department of Defense (DoD) intends to assign women to previously closed positions and units across all Services and U.S. Special Operations Command.

32. Said letter attached a December 3, 2016 letter from the Department of Defense to Joseph Biden, President of the Senate, indicating that the Department of Defense intends to "open all previously closed positions" to women "across all services."

33. On February 19, 2016, the Ninth Circuit Court of Appeals reversed the Central District of California's order, stating in part:

> The district court's decision was largely premised on the fact that the Department of Defense has been engaged in a multi-year process of integrating women into formerly closed positions, and it was unclear the extent to which these positions would be opened. Much of that uncertainty has passed: as the government has noted, the Secretary of Defense recently announced that the military "intends to open all formerly closed positions" to women. Even if some uncertainty remains as to the full extent to which women will end up serving in combat roles, that does not render the Coalition and Lesmeister's claims unripe.

9

FIRST AMENDED COMPLAINT

34. The Ninth Circuit further stated:

> We note the Selective Service is wrong to argue that the Coalition and Lesmeister lack standing because their alleged equality injuries would not be redressed if the burdens they challenge were extended to women.

35. The Ninth Circuit declined to rule on the other challenges to standing that were based on alleged deficiencies in the Complaint.

36. On remand, Defendants filed another Motion to Dismiss in which they challenged Plaintiffs' standing.

37. On November 9, 2016, the Central District of California ruled that Lesmeister has standing, but NCFM does not have associational standing because NCFM did not name any members with standing.

38. The Central District Court of California then transferred venue to the Southern District Court of Texas, Houston Division, where the only remaining Plaintiff, Lesmeister, resides.

## GENERAL ALLEGATIONS

39. Plaintiffs re-allege each allegation set forth above.

40. Under the MSSA, male U.S. citizens and male immigrant non-citizens between the ages of 18 and 26 are required by law to register with the MSSS within 30 days of their 18th birthdays. 50 U.S.C. § 453(a).

41. After they register, men must notify the SSS within 10 days of any changes to any of the information provided on the registration

card, including a change of address, until January 1 of the year they turn 21 years of age.

42. Failure to comply with the MSSA can subject a man to five years in prison, a $10,000 fine, and denial of federal employment or student aid.  50 U.S.C. § 462(a).

43. Within the past three years, Defendants have been and are enacting, implementing, and/or administering laws, rules, and public policies, which discriminate against males by requiring only males to register for the draft under the SSS program.

44.  The above-referenced discriminatory laws and policies violate the rights of Plaintiffs and other qualifying men in the United States under the 5TH Amendment of the United States Constitution.

45. Men failing to register with SSS can be fined $250,000, sentenced to five years in prison, and be disqualified from a number of federal and state benefits including: jobs, financial aid, citizenship, and job training.

46. The U.S. Supreme Court, in *Frontiero v. Richardson*, 411 U.S. 677 (1973), ruled that the Equal Protection Clause of the United States Constitution requires the U.S. military to provide its female members with the same housing and medical benefits as it provides its male members. *Frontiero* discusses America's long and unfortunate history of sex discrimination, *Id.* at 684 – 687, which NCFM and many other equal rights organizations seek to end. Justice William J. Brennan Jr. in announcing the judgment of the

FIRST AMENDED COMPLAINT

Court, compared the military's unequal treatment of men and women regarding housing and medical benefits to be another example of this country's unfortunate tradition of treating people unequally based on their sex, finding that "Traditionally, such discrimination was rationalized by an attitude of "romantic paternalism" which, in practical effect, put women, not on a pedestal, but in a cage."   *Id.* at 684.

## DECLARATORY RELIEF

47. Plaintiffs re-allege each allegation set forth above.

48. There exists an actual, present, and justiciable controversy between Plaintiffs and Defendants concerning the rights of Plaintiffs and the duties of Defendants concerning the conduct described herein.

49. This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so the parties may know the legal obligations that govern their present and future conduct.

## COUNT ONE: VIOLATION OF FIFTH AMENDMENT  OF THE UNITED STATES CONSTITUTION

50. Plaintiffs re-allege each allegation set forth above.

51. The above-mentioned conduct by Defendants violates the rights of Plaintiffs to equal treatment based on sex under the Fifth Amendment of the United States Constitution.

**PRAYER**

Therefore, Plaintiffs pray as follows for:

1. Injunctive relief ordering Defendants to end the sex-based discrimination in its military draft registration program and to treat men and women equally.

2. Declaratory relief regarding the respective rights of Plaintiffs and all defendants as set forth in this Complaint;

3. Attorney fees and costs; and,

4. Any other relief that the Court deems just.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action so triable.

                         Respectfully Submitted.

                         Law Office of Marc E. Angelucci

Date: 1/26/17           By:  //Marc E. Angelucc //
                             Marc E. Angelucci, Esq.
                             Attorney  for  Plaintiffs,  National
                             Coalition For Men, James Lesmeister,
                             and Anthony Davis

13

FIRST AMENDED COMPLAINT