## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN and JAMES LESMEISTER, individually and on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>SELECTIVE SERVICE SYSTEM; ADAM G. COPP as Director of Selective Service System;[1] and Does 1 through 50, inclusive,<br><br>     Defendants. | No. 4:16-cv-3362 |

### RESPONSE TO PLAINTIFFS' MOTION TO CHANGE VENUE

   Plaintiffs originally filed this suit in the Central District of California, notwithstanding that defendants do not reside there, none of the events giving rise to plaintiffs' claims occurred there, and neither of the original plaintiffs resides there.  For these reasons, the court held that venue was improper and transferred the case to this district based on the fact that plaintiff James Lesmeister is a resident of Houston, Texas. Now plaintiffs seek to transfer the case yet again—this time to the Southern District of California—by belatedly amending their complaint to add a new plaintiff who resides in San Diego.  While the decision to grant or deny a transfer lies within the broad discretion

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), when a public officer who is a party in an official capacity ceases to hold office, the officer's successor is automatically substituted as a party, and later proceedings should be in the substituted party's name. Accordingly, Adam J. Copp has been substituted for his predecessor, Lawrence G. Romo.

of the Court, defendants submit that plaintiffs have failed to show good cause for their requested transfer.  As long as Mr. Lesmeister remains a plaintiff in this case, there is no reason why the Southern District of California would be a more appropriate or convenient venue than the Southern District of Texas, particularly given that the majority of the relevant evidence seems most likely to be located in Washington, D.C.  Rather, the main reason for plaintiffs' transfer request appears to be that litigating the case in San Diego would be more convenient for plaintiffs' counsel, who is based in Los Angeles. However, the convenience of counsel is an irrelevant and improper factor for the Court to consider in determining whether to transfer the case.

Accordingly, the Court should deny plaintiffs' request to transfer this action to the Southern District of California.

## BACKGROUND

In 2013, the National Coalition for Men ("NCFM"), a nonprofit organization headquartered in San Diego, and James Lesmeister, a male resident of Houston between the ages of 18-25, filed suit in the Central District of California claiming that the male-only registration requirement of the Military Selective Service Act ("MSSA") violated their equal protection rights.  Although the Supreme Court had upheld the constitutionality of this requirement in *Rostker v. Goldberg*, 453 U.S. 57 (1981), plaintiffs contend that this decision was based on the fact that women were excluded from combat at the time and therefore not similarly situated to men for purposes of the draft.  Thus, according to plaintiffs, *Rostker* "no longer applies" in light of the 2013 decision by the Secretary of Defense to lift the ban on women in combat.  *See* Proposed

2

First Amended Complaint ¶¶ 20-26, ECF No. 57-1 ("Prop. 1st Am. Compl."); Complaint ¶¶ 19-20, ECF No. 1.

The Government initially moved to dismiss the action on the grounds that it was unripe and that plaintiffs lacked standing, had sued in the wrong venue, and had failed to state a claim upon which relief could be granted. First Motion to Dismiss, ECF No. 11-1. The district court dismissed the action as unripe. Order Granting Defendants' Motion to Dismiss, ECF No. 20. However, on appeal, the Ninth Circuit reversed and remanded, holding that plaintiffs' claims were ripe for adjudication. *Nat'l Coalition for Men v. Selective Serv. Sys.*, 640 F. App'x 664, 665 (9th Cir. 2016) (hereinafter "*NCFM*").

On remand, the Government moved to dismiss again, reprising the arguments that the district court had not previously addressed. Second Motion to Dismiss, ECF No. 34. This time, the court dismissed plaintiff NCFM for failing to establish organizational or associational standing and held that venue was improper in the Central District of California. *See generally* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Transferring Action to Southern District of Texas, ECF No. 44 ("Transfer Order"). The court found that plaintiffs had failed to establish that venue was proper under any prong of the federal venue statute, 28 U.S.C. § 1391(e)(1): first, defendants did not reside in the Central District of California; second, plaintiffs had "fail[ed] to establish that a substantial part of the events giving rise to the claim occurred" in the Central District of California; and finally, the sole remaining plaintiff, Mr. Lesmeister, did not reside in the Central District of California. Transfer Order at 4-5.

Rather than dismiss the action, however, the court transferred the action to the Southern District of Texas, where Mr. Lesmeister resides. *Id.* at 5.

On January 26, 2017, plaintiffs moved to amend their Complaint and transfer the action to the Southern District of California. Plaintiffs' Motion for Leave to File First Amended Complaint and Change Venue, ECF No. 57 ("Pls.' Mot."). The proposed amended complaint seeks to add a new plaintiff, Anthony Davis, who claims to be a member of NCFM residing in San Diego, and to reinstate NCFM as a plaintiff. *See* Prop. First Am. Compl. ¶¶ 5-6, 8. The proposed amended complaint continues to identify Mr. Lesmeister as a plaintiff and to allege that he is a "U.S. citizen residing near Houston, Texas." *Id.* ¶ 7.[2]

## **LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice…transfer any civil action to any other district or division where it might have been brought …" While "district courts have broad discretion in deciding whether to order a transfer," the moving party must show good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311, 315 (5th Cir. 2008) (internal citations omitted); *see also Andrade v. Chojnacki*, 934 F. Supp. 817, 832 (S.D. Tex. 1996) ("Decisions under Section 1404(a) are committed to the discretion of the district court … Under Section 1404(a), the party moving for transfer has the burden

---

[2] By prior agreement, the Government is not opposing plaintiffs' motion to amend but intends to file a responsive pleading or motion to dismiss within 45 days of the Court's entry of the amended complaint. *See* Order, ECF No. 55.

of demonstrating that a change of venue is warranted.").  As courts in this district have

recognized, "[t]he purpose of Section 1404(a) is 'to prevent the waste of time, energy,

and money and to protect litigants, witnesses, and the public against unnecessary

inconvenience and expense." *Andrade*, 934 F. Supp. at 832; *see also Bennett v. Moran*

*Towing Corp.*, 181 F. Supp. 3d 393, 397 (S.D. Tex. 2016) (same).

Consistent with this statutory purpose, the Fifth Circuit has directed courts

considering a transfer motion to examine the private and public interest factors that were

traditionally weighed in *forum non conveniens* cases:

> The private interest factors are: "(1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process to secure the attendance of witnesses;
> (3) the cost of attendance for willing witnesses; and (4) all other practical
> problems that make trial of a case easy, expeditious and inexpensive." … The
> public interest factors are: "(1) the administrative difficulties flowing from court
> congestion; (2) the local interest in having localized interests decided at home; (3)
> the familiarity of the forum with the law that will govern the case; and (4) the
> avoidance of unnecessary problems of conflict of laws [or in] the application of
> foreign law."

*Volkswagen*, 545 F.3d at 315 (internal citations omitted); *see also In re Volkswagen AG*,

371 F.3d 201, 203 (5th Cir. 2004) (same).  These factors are "not necessarily exhaustive

or exclusive," and no one factor "can be said to be of dispositive weight."  *Volkswagen*,

545 F.3d at 315 (internal citation omitted).  *Cf. Andrade*, 934 F. Supp. at 832-33

(considering plaintiffs' choice of forum, availability and convenience of witnesses and

parties, location of books and records, cost of obtaining attendance of witnesses and other

trial expenses, place of alleged wrong, and possibility of delay and prejudice from

transfer).  However, "the convenience of counsel is not a factor to be assessed in

determining whether to transfer a case under § 1404(a)."  *Volkswagen*, 371 F.3d at 206.

## **ARGUMENT**

Even assuming that venue would be proper in the Southern District of California,[3] plaintiffs have not demonstrated that a transfer to that district is warranted.  None of the factors that courts typically consider in deciding transfer motions weigh in favor of such a transfer.  Currently the only plaintiff in this suit is a resident of Houston; defendants are located in Washington, D.C.; and any potential witnesses or sources of proof relevant to the policies at issue in this case are likely also located in Washington, D.C.  Notably, the Southern District of California was not even plaintiffs' original choice of forum; their original choice, the *Central* District of California, was an improper venue.  Yet despite having early notice of this error and ample opportunity to correct it, plaintiffs made no effort to do so until after the case was transferred to Texas.  Even if their complaint were now amended to add a plaintiff from San Diego, the Southern District of California would have no greater claim as a more appropriate venue than this district.  In short, nothing about this case or plaintiffs' handling of it supports their transfer request— especially where the primary motivation for the request appears to be the convenience of plaintiffs' counsel, which is not a proper factor for the Court to consider.

---

[3] This assumes that the Court will grant plaintiffs' motion to amend their Complaint and that NCFM and Mr. Davis are proper plaintiffs.  While the Government is not opposing plaintiffs' amendment, it does not concede that either Mr. Davis or NCFM has standing.

A.    <u>**Private interest factors do not weigh in favor of transfer.**</u>

The overarching theme among the private interest factors is the need to consider whether the transferee forum would permit more efficient litigation of the case. *See Volkswagen*, 545 F.3d at 315; *Bennett*, 181 F. Supp. 3d at 397-401.  Particularly relevant to this inquiry is the ease of access to witnesses and sources of proof, as well as any other factors affecting the cost and time required for gathering evidence and, if necessary, conducting a trial.  As to these factors, the choice between California and Texas is at best indistinguishable.  While this case turns predominantly on questions of law, any potentially responsive factual evidence would likely be located in or near Washington, D.C.  As the seat of both Congress and the Executive agencies charged with oversight and maintenance of the armed forces, Washington is where any relevant decisions or policies would have been enacted that relate either to setting Selective Service registration requirements or to opening combat roles to women.  *See* Transfer Order at 4 (noting that events giving rise to plaintiffs' claim occurred in D.C.).

Plaintiffs present no grounds—and the Government is aware of none—to infer that any evidence on these issues would be located in California or easier to access from California than it would be from Texas.  While the Government does not contend that Texas presents any particular advantages in that regard, it is the moving party that bears the burden of showing that the transferee forum is preferable to the current one.  Plaintiffs have not shown that a second transfer would yield any measurable gains in administrative

efficiency.  Thus, to the extent the private interest factors figure into the Court's analysis, they weigh against a transfer to the Southern District of California.[4]

**B.**   **Public interest factors do not weigh in favor of transfer.**

None of the public interest factors appear to weigh in favor of a transfer, and plaintiffs have made no attempt to show otherwise.  With respect to "court congestion," plaintiffs have offered no evidence that the Southern District of California is any less burdened than this Court.  With respect to local interests, this suit raises a constitutional challenge with potentially nationwide, not localized, impact; whatever the outcome, it would not affect residents of California any differently than it would residents of Texas. Similarly, because the legal issues raised are federal in nature, this Court is just as familiar with the governing law as a federal court in California would be.  Nor do plaintiffs identify any potential conflict of law issues that would counsel in favor of litigating this case in the Southern District of California.  The public interest factors therefore do not support plaintiffs' request.  *Cf. Bennett*, 181 F. Supp. 3d at 401-402 (weighing public interest factors and finding transfer was not warranted).

**C.**   **Given the circumstances of this case, plaintiffs' choice of forum should not be accorded deference.**

Plaintiffs rely heavily on the general presumption of deference to a plaintiff's choice of forum.  *See* Pls.' Mot. at 7-8.  But as the Fifth Circuit has recognized, "while a

---

[4] Plaintiffs contend that because the Government will "likely" challenge the standing of both NCFM and Mr. Davis, both Mr. Davis and "NCFM's person most knowledgeable," who are located in San Diego, may need to testify in this case.  Pls.' Mot. at 8.  Plaintiffs, however, offer no basis for their assumption that Mr. Davis or any representative of NCFM would have to testify—much less travel to testify in person—as to their standing or for any other reason.  And in any event the location of these witnesses should be weighed against the location of the other parties in Houston and Washington, D.C.

plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute," the transfer statute is intended to "*temper*[] the effects of the exercise of this privilege," not exacerbate them. *Volkswagen*, 545 F.3d at 313 (emphasis added); *see also Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 583 (2013) ("§ 1404(a) should not create or multiply opportunities for forum shopping").  Moreover, "[w]hile there is ordinarily a strong presumption in favor of plaintiff's choice of forum, this factor is not significant" where, as here, "the action has relatively little relationship to the chosen forum."  *Andrade*, 934 F. Supp. at 832.

Further, in light of the history of this case, plaintiffs should not receive any particular deference as to their choice of forum.  Plaintiffs originally brought suit in an *improper* venue, as the Government noted and challenged at the very outset of the case, nearly four years ago.  At no point while the case was still in California did plaintiffs identify any individual members of NCFM in either the Central or the Southern District of California (or indeed any individual members anywhere at all).  Even on remand, plaintiffs showed no interest in amending their complaint to remedy this deficiency despite the Ninth Circuit's pointed suggestion that they should do so.  *See NCFM*, 640 F. App'x at 666; Transfer Order at 4 n.4 (noting that "Plaintiffs ignored the Ninth Circuit's clear suggestion that they amend their Complaint").  Only after the California district court dismissed NCFM for lack of standing and ordered the transfer to Texas did NCFM belatedly attempt to find an individual member in California to add as a plaintiff in support of its claim to standing and venue in California.

9

Even now, the motion for transfer fails to explain why the convenience of the two proposed plaintiffs, NCFM and Mr. Davis, outweighs the convenience of the existing plaintiff, Mr. Lesmeister, who resides in Houston.  Rather, the motion focuses on the convenience of *counsel*, and in particular plaintiffs' counsel, who is based in Los Angeles.  *See* Pls.' Mot. at 8 ("NCFM is represented on a non-profit basis by a Los Angeles attorney.  Thus, the Central [sic] District of California is the most convenient forum."); *id.* at 8 ("Between Los Angeles and San Diego, the Los Angeles court would … be most convenient for counsel for Plaintiff and Proposed Plaintiffs.  Nonetheless, San Diego is only a 2 hour drive, so the Central or Southern Districts [of California] are both more convenient than Texas.").  The convenience of counsel, however, is not a proper factor for the Court to consider in deciding whether to grant a transfer.  *See, e.g., Volkswagen*, 371 F.3d at 206 (finding district court's consideration of location of counsel was abuse of discretion and reversible error); *id.* ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."); *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.").  Accordingly, the fact that San Diego would be geographically more convenient than Houston for plaintiffs' counsel should be given no weight.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny plaintiffs' motion for transfer.

Date: February 15, 2017                    Respectfully submitted,


                                           CHAD A. READLER
                                           Acting Assistant Attorney General

                                           ANTHONY J. COPPOLINO
                                           Deputy Director, Federal Programs Branch

                                            _/s/ Lynn Y. Lee_____
                                           LYNN Y. LEE (Cal. Bar #235531)
                                           Trial Attorney
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Avenue NW
                                           Washington, D.C. 20530
                                           Tel: (202) 305-0531
                                           E-mail: lynn.lee@usdoj.gov

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2017, I electronically filed a copy of the foregoing.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

_/s/ Lynn Y. Lee_
LYNN Y. LEE