United States District Court
Southern District of Texas

**ENTERED**

*August 16, 2017*

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES LESMEISTER, *individually and on behalf of others similarly situated*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-16-3362 |
| SELECTIVE SERVICE SYSTEM, *et al.,* | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff James Lesmeister's motion for leave to file an amended complaint and to transfer venue. Dkt. 57. Having considered the motion, response, and applicable law, the court is of the opinion that the leave to amend should be GRANTED and the motion to transfer venue should be DENIED.

## I. BACKGROUND

This is a case about the constitutionality of the Military Selective Service Act's requirement for only males to register for the draft. 50 U.S.C. §§ 451–473; Dkts 1; Dkt. 57 at 3. On April 4, 2013, plaintiffs National Coalition for Men ("NCFM") and Lesmeister filed a complaint in the Central District of California against the Selective Service System and its Director, alleging violations of the Fifth and Fourteenth Amendments of the Constitution and violation of 42 U.S.C. § 1983 for sex-based discrimination in the selective service registration system. Dkt. 1. The plaintiffs argue that the Supreme Court decision upholding the constitutionality of sex-based discrimination in the selective service system is no longer applicable because the ban on women in combat has been lifted. Dkt. 1 (citing *Rostker v. Goldberg*, 453 U.S. 57, 101 S. Ct. 57 (1981)).

Initially, the district court held that the case was not ripe for review. Dkt. 20. The Ninth Circuit reversed and remanded the decision. *Nat'l Coalition for Men v. Selective Serv. Sys.*, 640 F. App'x 664, 665 (9th Cir. 2016). On November 9, 2016, the district court granted the defendants' motion to dismiss the NCFM as a plaintiff without prejudice because it lacked associational standing. Dkt. 44 at 4. Further, the court determined that venue was not proper in the Central District of California and transferred the case to the Southern District of Texas, where the remaining plaintiff, Lesmeister, resides. Dkt. 44 at 5.

On January 26, 2017, Lesmeister filed a motion (1) for leave to file an amended complaint to add plaintiff Anthony Davis and to reinstate the NCFM as a plaintiff, and (3) to transfer venue to the Southern District of California.[1] Dkt. 57. The defendants responded. Dkt. 58.

## II. LEGAL STANDARD & ANALYSIS

### A.    Leave to Amend

Lesmeister proposes to amend the complaint to add a new plaintiff, Anthony Davis, and to reinstate the NCFM as a plaintiff. Dkt. 57 at 5. Davis is allegedly a member of the NCFM, and Lesmeister argues that his membership in the NCFM gives the NCFM associational standing. Dkt. 57 at 6–7 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 US 333, 343, 97 S. Ct. 2434 (1977)). Rule15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts grant leave to amend liberally unless the party has acted in bad faith or if granting leave to amend would cause prejudice. *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). Here, the defendants do not

---

[1] Lesmeister also explains that he plans to omit his causes of action under the Fourteenth Amendment and section 1983 if granted leave to file an amended complaint. Dkt. 57 at 7 n.1.

oppose Lesmeister's motion for leave to amend.[2]  Dkt. 57 at 5; Dkt. 58 at 6 n.3.  Lesmeister's motion

for leave to amend (Dkt. 57) is GRANTED.

## B.  Motion to Transfer Venue

Lesmeister moves to transfer venue to the Southern District of California.  Dkt. 57 at 7.  The

defendants respond that the public and private interest factors do not weigh in favor of a transfer of

venue and argue that the case should remain in the Southern District of Texas.  Dkt. 58.

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought or to any

district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "The district court

has broad discretion in deciding whether to order a transfer."  *Caldwell v. Palmetto State Sav. Bank*

*of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).  The moving party bears the burden of showing why the

forum should be changed.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).  In evaluating

a section 1404(a) motion to transfer, the court examines (1) whether the action "might have been

brought" in the transferee forum, and (2) whether there is "good cause" for transferring the action.

*In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312, 315 (5th Cir. 2008).

As an initial matter, the amended complaint adds plaintiffs Davis, a resident of San Diego,

California, and the NCFM, which is headquartered in San Diego, California.  Dkt. 57 at 7.  Thus,

with the added plaintiffs, the action "might have been brought" in the Southern District of California.

*In re Volkswagen*, 545 F.3d at 312; *see* Dkt. 58 at 6 (conceding that venue is proper in the Southern

District of California).  Venue is also proper in the Southern District of Texas, because Lesmeister

resides in Houston.  Dkt. 57 at 9; Dkt. 58 at 6.  Therefore, the analysis depends on whether

---

[2] The defendants do not concede that Davis and NCFM have standing in this matter and
reserve their right to make a future challenge to their standing.  Dkt. 58 at 6 n.3.

3

Lesmeister has met his burden to show "good cause" for a transfer of venue. *In re Volkswagen*, 545 F.3d at 312

To show good cause, the movant must demonstrate that a transfer is "[f]or the convenience of parties and witnesses, [and] in the interest of justice." *Id.* at 315. In determining whether transfer is appropriate, the court considers private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* Although the Supreme Court has given the court some guidance with regard to the factors it should consider, none have dispositive weight, and "they are not necessarily exhaustive or exclusive." *Id.* (citing *Gulf Oil Corp. V. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839 (1947)). The court will address Lesmeister's choice of venue, and then the public and private interest factors.[3]

### 1. Plaintiff's Choice of Venue

Lesmeister argues that his choice of venue is the Southern District of California, and therefore, that choice should be given "substantial weight." Dkt. 57 at 7–8 (citing *Secs. Inv'r Prot, Corp. v. Vigman*, 764 F.2d 1307, 1317 (9th Cir. 1985); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389,

---

[3] Lesmeister's motion does not actually address the private and public interest factors. Dkt. 57. However, the court will attempt to address the plaintiff's arguments for venue transfer with respect to the corresponding factors.

419 (6th Cir. 1998)).  In the Fifth Circuit, "[t]he plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003).

The defendants argue that Lesmeister is no longer entitled to his choice of forum, because the case was originally filed in an improper venue.  Dkt. 58 at 9.  Originally, Lesmeister and NCFM filed suit in the Central District of California, choosing it as the venue.  Dkt. 1.  However, neither Lesmeister, nor the NCFM itself, is actually located in the Central District of California.  Dkt. 57 at 8 (stating that the NCFM is headquartered in San Diego, which is in the Southern District of California).  "[T]he weight to be accorded [to choice of forum] may be diminished when a plaintiff brings suit outside his home forum."  *Kettler v. Presstek, Inc.*, 2003 WL 21788870, at *2 (N.D. Tex. July 31, 2003); *see e.g., Kervin v. Supreme Serv. & Specialty Co.*, No. 2:15-CV-102, 2015 WL 1540157, at *1 (S.D. Tex. Apr. 7, 2015) (Ramos, J.); *Glazier Grp., Inc. v. Mandalay Corp.*, No. CIV.A. H-06-2752, 2007 WL 2021762, at *15 (S.D. Tex. July 11, 2007) (Rosenthal, J.).  Lesmeister and NCFM had the opportunity to select NCFM's home forum when they filed suit, but chose not to.  Lesmeister and NCFM also had the opportunity to amend the complaint when the Central District of California venue was challenged, but again chose not to do so.  Dkt. 44 at 4 n.4  ("The Court notes that Plaintiffs ignored the Ninth Circuit's clear suggestion that they amend their Complaint.").

The court agrees with the defendants—if the NCFM actually had a strong preference for a Southern District of California venue, it had nearly four years before the case was transferred to this court to seek to transfer venue to the Southern District of California, but it failed to do so.  Therefore, the court will consider the plaintiff's venue choice as a factor, but it will not be in and of itself determinative of the motion to transfer venue.

5

### 2. Private Interest Factors

Next, the court will address the private interest factors.

First, with respect to relative ease of access to the sources of proof, the defendants argue that this case turns mainly on issues of law and any responsive evidence is likely located in the Washington, D.C. region. Dkt. 58 at 7. Lesmeister makes no arguments regarding the location of any sources of proof. Dkt. 57. Therefore, the court finds that the ease of access to the sources of proof is a neutral factor, because any such evidence is likely to be located outside of both potential forums.

Second, with respect to the cost of attendance for willing witnesses, the two individual plaintiffs are Lesmeister and Davis. Dkt. 57 at 8. One witness resides in each venue, so either Lesmeister or Davis will have to travel depending on the venue. *Id*. Though the plaintiffs argue that the Selective Service has offices in California, the defendants' witnesses will likely travel from Washington, D.C. Dkt. 58 at 8. Therefore, both forums require travel for the defendants' witnesses. *Id*. Additionally, Lesmeister argues that California is a better venue because he predicts that an NCFM representative from California may have to testify if the court holds a hearing regarding any challenges to NCFM's standing. Dkt. 57 at 8. However, the court finds that the need for an NCFM representative's testimony on standing is speculative, because such a matter could be decided without a hearing. Because there is one plaintiff in Texas and two in California and the defendants' witnesses will likely have to travel from Washington, D.C. to either forum, the court finds the cost of travel for willing witnesses is a neutral factor.

Third, neither party raises an issue regarding the availability of compulsory process, so this factor is inapplicable. Dkts. 57, 58.

Fourth, Lesmeister's remaining arguments in support of transfer fall into the factor of the "practical problems" that make the case easy, expeditious, and inexpensive.  Dkt. 58 at 8–9. Lesmeister argues that his counsel is located in Los Angeles, California and the litigation is being supported by the NCFM, which does not have an office in Texas.  Dkt. 57 at 8.  However, the Fifth Circuit has held that the location of counsel is "irrelevant and improper for consideration in determining the question of transfer of venue."  *Horseshoe*, 337 F.3d at 434.  Therefore, the court will not consider the location of counsel in evaluating a venue transfer.

Further, Lesmeister argues that his lack of resources to support travel by his counsel and any NCFM representatives should be considered.  Dkt. 57 at 9 (citing *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1073 (D. Haw. 2000)).  In *Miracle*, a district court noted that a large corporation can more easily travel from New York to Hawaii than an individual plaintiff can travel in the opposite direction.  *Miracle*, 87 F. Supp. 2d at 1073.  However, to the extent that this case is persuasive, that same court noted that the New York to Hawaii trip is not "prohibitively expensive or difficult."  *Id*.  Here, unlike *Miracle*, the court is not being asked to make a determination regarding the travel costs of an individual plaintiff (indeed, one of the individual plaintiffs resides in Houston), but rather a non-profit entity, the NCFM.  The court finds this relative wealth argument unpersuasive, traveling from California to Texas is not prohibitively expensive or difficult for the NCFM to undertake.

However, the court acknowledges that litigating the case in California will be less expensive for the newly added plaintiffs and the defendants will have to travel to either of the two venues.  So the practical consideration of "expense" weighs slightly in favor of a venue transfer.  However, there are also concerns of "expeditiousness"— this case has been ongoing for an extended period of time,

7

and a third venue transfer weighs slightly against an expeditious resolution.  Therefore, the court finds that the practical considerations factor is neutral.

In summary, the court finds that the private interest factors are neutral regarding a venue transfer.

### 3.  Public Interest Factors

Finally, the court will address the public interest factors.

#### a.  Court Congestion

First, neither party makes an argument regarding the court congestion factor.  Dkt. 57; Dkt. 58 at 8.  The speed with which a case can come to trial and be resolved can also be a factor in assessing court congestion.  *Sandbox Logistics LLC v. Grit Energy Solutions LLC*, No. 3:16-CV-12, 2016 WL 4400312, at *6 (S.D. Tex. Aug. 17, 2016) (Hanks, J.).  In analyzing this factor, courts often consider the median time interval from case filing to disposition.  *Id.*  In the twelve-month period ending in December 2016, the Southern District of Texas had a median time from filing to disposition for civil cases of 8.0 months and a median time from filing to trial for civil cases of 22.5 months.  See U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (December 31, 2016), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_ distprofile1231.2016.pdf.  In the same time period, the Southern District of California had a median time from filing to disposition for civil cases of 6.3 months and a median time for filing to trial for civil cases of 28.9 months.  *Id.*  The court finds that the statistics show that these two venues are equivalent in terms of time from filing to disposition.

Here, the court must also consider the history of this case.  This case was originally brought four years ago in the Central District of California, and survived one appeal at the Ninth Circuit.  Dkts. 57, 58.  Transferring venue to yet a third forum requires another district court to address the

merits of the legal and factual issues of that case.  The court finds no compelling reason to burden a third court with this litigation.  Therefore, the court finds that the congestion of courts factor weighs against transfer.

### b.  Local Interest

Second, with respect to local interest, Lesmeister argues that California has a greater local interest because it is more populous.  Dkt. 57 at 10.  Lesmeister argues that a larger population means that more men in California are required to register for the selective service than the men in Texas.  Dkt. 57 at 10.  The court finds this argument disingenuous.  There are two individual plaintiffs asserting an injury, one in California and one in Texas.  As the defendants argue, beyond these individualized injuries, this case is "federal in natural" and would affect residents of all states equally.  Dkt. 58 at 8.  The court finds that the local interest factor is neutral.

### c.  Familiarity with Law and Conflict with Law

Finally, neither party makes an argument regarding the familiarity of the forum with the law or with conflicts of law.  Dkts. 57; 58.  This case revolves around only federal law, so the court finds that these factors are neutral.  Dkt. 58 at 8.

In summary, the court finds the public interest factors weigh against a transfer.

Notwithstanding the plaintiff's choice of forum, the private interest factors are neutral for a transfer, and the public interest factors weigh against a transfer.  The court finds that Lesmeister has not met his burden of showing good cause to transfer venue.  Therefore, Lesmeister's motion to transfer venue (Dkt. 57) is DENIED.

### III. CONCLUSION

Lesmeister's motion for leave to file a first amended complaint (Dkt. 57) is GRANTED.

Lesmeister's motion for leave to transfer venue (Dkt. 57) is DENIED.

Signed at Houston, Texas on August 16, 2017.

Gray H. Miller
United States District Judge