# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL COALITION FOR MEN, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-16-3362 |
| SELECTIVE SERVICE SYSTEM, *et al.*, | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss filed by defendants Selective Service System ("SSS") and Lawrence Romo (collectively, "Defendants"). Dkt. 63. Plaintiffs National Coalition for Men ("NCFM"), James Lesmeister, and Anthony Davis (collectively, "Plaintiffs") responded. Dkt. 64. Defendants replied. Dkt. 65. Having considered the complaint, motion, response, reply, and applicable law, the court is of the opinion that the motion to dismiss should be DENIED.

## I. BACKGROUND

This is a case about the constitutionality of the Military Selective Service Act's ("MSSA") requirement for males—but not females—to register for the draft.[1] Dkt. 60. Unless otherwise provided by the MSSA, "every male citizen of the United States[] and every other male person residing in the United States . . . between the ages of eighteen and twenty-six" must register with SSS. 50 U.S.C. § 3802(a); Dkt. 60 at 10. After registering, men have a continuing obligation to

---

[1] For the purposes of a motion to dismiss, the court accepts all well-pled facts contained in Plaintiffs' complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

update SSS with any changes in their address or status. 50 U.S.C. § 3813; Dkt. 60 at 10–11. Failure to comply with the MSSA can result in fines or imprisonment. 50 U.S.C. § 3811; Dkt. 60 at 11.

Lesmeister and Davis are males subject to the draft requirements, and both recently registered accordingly. Dkt. 60 at 4–5. NCFM is a non-profit, 501(c)(3) educational and civil rights corporation. *Id.* at 2. Davis is a NCFM member. *Id.* at 3. Like Davis, some of its members are males subject to the draft requirements and have already registered or will have to register. *Id.*

On April 4, 2013, NCFM and Lesmeister filed a complaint in the Central District of California against Defendants alleging violations of the Fifth and Fourteenth Amendments of the Constitution and violation of 42 U.S.C. § 1983 for sex-based discrimination in the draft system. Dkt. 1. Plaintiffs argue that because women can participate in combat, the Supreme Court decision upholding the constitutionality of sex-based discrimination in the draft is no longer applicable. Dkt. 1 (citing *Rostker v. Goldberg*, 453 U.S. 57, 101 S. Ct. 57 (1981)).

Initially, Judge Dale S. Fischer, the Central District of California judge, dismissed the case as not ripe for review. Dkt. 20. The Ninth Circuit reversed and remanded. *Nat'l Coalition for Men v. Selective Serv. Sys.*, 640 F. App'x 664, 665 (9th Cir. 2016). Then, Lesmeister and NCFM voluntarily dismissed their Fourteenth Amendment and § 1983 claims. Dkt. 43. On November 9, 2016, Judge Fischer granted Defendants' motion to dismiss NCFM without prejudice because the organization lacked associational standing. Dkt. 44 at 4. Further, the court determined that venue was not proper in the Central District of California and transferred the case to the Southern District of Texas, where Lesmeister resides. *Id.* at 5. On August 16, 2017, this court granted Lesmeister leave to file an amended complaint. Dkt. 59. Lesmeister's amended complaint named NCFM as a plaintiff and added Davis as a plaintiff. Dkt. 60.

In the instant motion, Defendants move to dismiss Plaintiffs' remaining Fifth Amendment claim under: (1) Rule 12(b)(1) because Plaintiffs do not have standing to sue; and (2) Rule 12(b)(6) because Plaintiffs do not state a claim upon which relief can be granted. Dkt. 63 at 2.

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where, as here, a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, it is subject to the same standard as a motion brought under Rule 12(b)(6). *See Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

### B. Rule 12(b)(6) Standard

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's

3

pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

### III. ANALYSIS

**A.     Plaintiffs' Standing**

Defendants move to dismiss Plaintiffs' claim because Plaintiffs do not have standing to sue. Dkt. 63 at 19. Defendants argue that Lesmeister and Davis lack standing because they have not suffered an injury from the MSSA's male-only registration requirement. *Id.* at 20. They also argue that because the individual plaintiffs lack standing, NCFM lacks associational standing. *Id.* at 23.

*1.     Lesmeister/Davis Standing*

Under Article III of the Constitution, a plaintiff must have standing to sue in order for a court to have jurisdiction. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 120 S. Ct. 693 (2000). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action

of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 180–81.

Defendants argue that Lesmeister and Davis lack standing because: (1) neither can demonstrate an injurious harm; and (2) they cannot assert a *de facto* injury simply due to the alleged constitutional violation. Dkt. 63 at 20. Plaintiffs respond that they "are harmed because they are required to register for military conscription, continually report their whereabouts to the federal government under penalty of fines, jail, and will be denied federal benefits if they do not." Dkt. 64 at 2. Further, they allege they are harmed due to the sex-based discrimination, which sufficiently constitutes an injury. *Id.* Because the court agrees that Lesmeister and Davis have alleged an injury, the court need not consider whether the sex-based discrimination alone constitutes an injury.

As Judge Fischer previously found in this case, Plaintiffs allege that: (1) the MSSA requires males between the ages of 18 and 26 to register with SSS; (2) a registrant has a continuing obligation to update SSS with any changes in his address or status; (3) failure to comply with the MSSA can result in fines or imprisonment; and (4) Lesmeister and Davis have registered and are subject to the continuing obligation. Dkt. 44 at 3; *see also* Dkt. 60 at 10–11. Although Defendants argue that the prospect of being drafted fails to constitute a concrete harm, the court need not decide that issue because that is not the harm Plaintiffs allege. Defendants also argue that because Lesmeister and Davis have complied with the MSSA, neither is subject to any action to enforce its requirements. *Id.* Regardless, both have a continuing obligation to update SSS with changes to their information. Dkt. 60 at 10–11. That obligation, paired with the requirement to register with SSS, constitutes an injury sufficient for Article III standing. *See E. Tex. Baptist Univ. v. Sebelius*, 988 F. Supp. 2d 743, 758 (S.D. Tex. 2013) (Rosenthal, J.) ("HBU's injury arises from the fact that the accommodation requires it to comply with the self-certification steps or face severe penalties. . . . HBU is harmed

5

when it has to fill out the form authorizing its TPA to provide coverage and payments for emergency contraceptives, designating its TPA as the administrator for no-cost-sharing contraceptive benefits, and informing the TPA of its statutory and regulatory obligations."), *rev'd on other grounds sub nom. E. Tex. Baptist Univ. v. Burwell*, 793 F.3d 449 (5th Cir. 2015), *vacated on other grounds sub nom. Zubik v. Burwell*, 136 S. Ct. 1557 (2016); *see also Goldberg v. Rostker*, 509 F. Supp. 586, 590–91 (E.D. Pa. 1980), *rev'd on other grounds*, 453 U.S. 57 (1981). Because Lesmeister and Davis have Article III standing, Defendants' motion is DENIED.

### 2. *Associational Standing*

"It is well-established that an association has Article III standing to bring a suit on behalf of its members when '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 343 (5th Cir. 2012) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343, 97 S. Ct. 2434 (1977)). Defendants argue that because NCFM cannot allege that any members have standing, NCFM also lacks standing. Dkt. 63 at 24. Because Davis is a member of NCFM and has standing to sue in his own right, NCFM does, too. *See Funeral Consumers*, 695 F.3d at 343; *see also supra* Section III.A.1. Thus, Defendants' argument fails, and the motion is DENIED.

### B. **Failure to State a Claim**

Defendants argue that Plaintiffs fail to state a claim because: (1) entry of the relief sought would impermissibly intrude on Congress's authority over military affairs; and (2) *Rostker* binds the court and requires dismissal. Dkt. 63 at 25, 28. The court disagrees with both arguments. The court agrees with Defendants that Congress has broad power to raise and regulate armies and navies.

6

*Rostker*, 453 U.S. at 65. Thus, "a healthy deference to legislative and executive judgments in the area of military affairs" should be given by the court. *Id.* at 66. *Rostker* thoroughly explained the reason to provide deference to Congress when dealing with military affairs. *See id.* at 64–67. But "[n]one of this is to say that Congress is free to disregard the Constitution when it acts in the area of military affairs. In that area, as any other, Congress remains subject to the limitations of the Due Process Clause." *Id.* at 67. Plaintiffs allege that the MSSA violates the Constitution. Dkt. 60 at 12. Because *Rostker* explicitly requires Congress to comply with the Constitution in the area of military affairs, and because Plaintiffs allege Defendants did not, Plaintiffs state a claim upon which relief can be granted. *See Rostker*, 453 U.S. at 67; *see also* Dkt. 60 at 12.

Regarding *Rostker*'s applicability, as the court explained, *Rostker* did not hold that Congress receives blind deference in the area of military affairs. 453 U.S. at 67. And regarding *Rostker*'s holding that the male-only draft did not violate the Constitution, the factual circumstances of this case are different. *See id.* at 76, 77 ("Women as a group, however, unlike men as a group, are not eligible for combat. . . . The existence of the combat restrictions clearly indicates the basis for Congress'[s] decision to exempt women from registration."). Now, women can serve in combat roles. Dkt. 60 at 7. Because the alleged factual circumstances of this case differ from the dispositive facts in *Rostker*, the court cannot conclude, at this stage, that *Rostker* controls the outcome.

## IV. Conclusion

Because Plaintiffs have standing and assert a claim upon which relief can be granted, Defendants' motion to dismiss (Dkt. 63) is DENIED.

Signed at Houston, Texas on April 6, 2018.

---
Gray H. Miller
United States District Judge