UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM et al.,<br><br>Defendants. | No. 4:16-cv-3362 |

## ANSWER

Defendants the Selective Service System ("SSS") and Donald M. Benton in his official capacity as director of the SSS (collectively, "defendants") hereby answer plaintiffs' First Amended Complaint ("FAC") (ECF No. 60) as follows:

The first unnumbered paragraph of the FAC consists of plaintiffs' characterization of this action, to which no response is required.  To the extent that a response is required, defendants admit that plaintiffs have filed an amended complaint against defendants seeking injunctive and declaratory relief but deny that plaintiffs are entitled to any relief.

## **PARTIES**

1-4.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs.

1

5. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

6-8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs.

9. The first five sentences of this paragraph are admitted. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the sixth sentence.

10. The first sentence of this paragraph is denied, as the current Director of the SSS is now Donald M. Benton. With respect to the second sentence, defendants admit that the Director of the SSS is appointed by the President of the United States but deny that the position is confirmed by the Senate.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

12. Denied.

13. Admitted.

## JURISDICTION

14. This paragraph consists of plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, defendants admit that plaintiffs have purported to bring an action asserting claims against defendants under the Fifth Amendment of the U.S. Constitution, and otherwise deny the allegations in this paragraph.

15. This paragraph consists of plaintiffs' legal argument and conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, defendants deny that the Court has jurisdiction over this action.

## VENUE

16. Defendants admit that this action was originally filed in the Central District of California but lack sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph.

17. Admitted.

18. This paragraph consists of plaintiffs' legal argument and conclusions regarding venue, to which no response is required. To the extent that a response is required, defendants admit that for plaintiff Lesmeister venue is proper in this district.

19. The allegations in this paragraph have already been addressed in litigation of plaintiffs' motion to transfer venue, which was denied by the Court, and thus no response is required. To the extent that a response is required, defendants deny that the case would be more conveniently or appropriately heard in California. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph.

## PROCEDURAL BACKGROUND

20. This paragraph refers to all of the preceding allegations of the FAC. To the extent that a response is required, defendants refer the Court to their responses in paragraphs 1-19 above.

21. This paragraph consists of plaintiffs' characterization of the Supreme Court's decision in *Rostker v. Goldberg*, 453 U.S. 57 (1981), to which no response is required. To the extent that a response is required, defendants refer the Court to the *Rostker* decision and deny that plaintiffs' characterization is a complete and accurate statement of its contents.

22. Admitted.

23-25. These paragraphs consist of plaintiffs' characterization of the January 24, 2013 Memorandum issued by then-Secretary of Defense Panetta and then-Chairman of the Joint Chiefs of Staff Martin E. Dempsey ("the 2013 Memorandum"), which speaks for itself and to which no response is required. To the extent that a response is required, defendants refer the Court to the 2013 Memorandum and deny that plaintiffs' characterization is a complete and accurate statement of its contents.

26. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

27. This paragraph consists of plaintiffs' characterization of this action, to which no response is required. To the extent that a response is required, defendants admit that plaintiffs filed a lawsuit on or about April 4, 2013, challenging the male-only registration requirement of the Military Selective Service Act ("MSSA") on equal protection grounds and seeking declaratory and injunctive relief, but deny that plaintiffs are entitled to any relief.

28. Defendants admit that they filed a motion to dismiss pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure on June 19, 2013 (ECF No. 11), and refer the Court to the motion for a complete and accurate statement of its contents.

29. Admitted.

30. Admitted.

31. Defendants admit that they submitted a letter to the Ninth Circuit Court of Appeals pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure on December 4, 2015 ("December 4, 2015 Letter"), and refer the Court to the letter for a complete and accurate statement of its contents.

32. Defendants admit that the December 4, 2015 Letter enclosed a letter of notification from the Secretary of Defense to then-President of the Senate Joseph Biden ("DoD December 3, 2015 Notice") regarding the opening of previously closed combat roles to women, and refer the Court to the DoD December 3, 2015 Notice for a complete and accurate statement of its contents.

33-35. These paragraphs consist of plaintiffs' characterization of the Ninth Circuit's February 19, 2016 decision in this case ("Ninth Circuit decision"), to which no response is required. To the extent that a response is required, defendants refer the Court to the Ninth Circuit decision and deny that plaintiffs' characterization is a complete and accurate statement of its contents.

36. Defendants admit that on remand to the Central District of California, they moved to dismiss on various grounds (ECF No. 34), including but not limited to standing, and refer the Court to the motion for a complete and accurate statement of its contents.

37. Admitted.

38. Defendants admit that this action was transferred from the Central District of California to the Southern District of Texas, where plaintiff Lesmeister claims to reside, but deny that Mr. Lesmeister is the only remaining plaintiff in this action.

## **GENERAL ALLEGATIONS**

39. This paragraph refers to all of the preceding allegations of the FAC. To the extent that a response is required, defendants refer the Court to their responses in paragraphs 1-38 above.

40. This paragraph consists of plaintiffs' characterization of the registration requirements of the SSS. To the extent that a response is required, defendants refer the Court to the text of 50 U.S.C. § 3802 and Presidential Proclamation 4771 (1-105) for a full and accurate statement of their contents.

41. This paragraph consists of plaintiffs' characterization of the registration requirements of the SSS. To the extent that a response is required, defendants refer the Court to the text of 32 C.F.R. §§ 1621.1 for a full and accurate statement of its requirements.

42. This paragraph consists of plaintiffs' characterization of the penalties for failure to comply with the registration requirements of the SSS. To the extent that a response is required, defendants refer the Court to the text of 50 U.S.C. § 3811(a), 5

U.S.C. § 3328(a), and 18 U.S.C. § 3571(b)(3) for a full and accurate statement of their contents.

43. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

44. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

45. This paragraph consists of plaintiffs' characterization of the penalties for failure to comply with the registration requirements of the SSS. To the extent that a response is required, defendants refer the Court to the text of 50 U.S.C. § 3811(a), 5 U.S.C. § 3328(a), and 18 U.S.C. § 3571(b)(3) for a full and accurate statement of their contents.

46. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, defendants refer the Court to *Frontiero v. Richardson*, 411 U.S. 677, and deny that plaintiffs' characterization of that case is a complete and accurate statement of its contents.

## **DECLARATORY RELIEF**

47. This paragraph refers to all of the preceding allegations of the FAC. To the extent that a response is required, defendants refer the Court to their responses in paragraphs 1-46 above.

7

48. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

49. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

## COUNT ONE

50. This paragraph refers to all of the preceding allegations of the FAC. To the extent that a response is required, defendants refer the Court to their responses in paragraphs 1-49 above.

51. This paragraph consists of plaintiffs' legal argument and conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

## PRAYER & JURY DEMAND

The remainder of the FAC sets forth plaintiffs' prayer for relief and demand for trial by jury, to which no response is required. To the extent that a response is required, defendants deny that plaintiff is entitled to any relief and also deny that a jury trial is appropriate for this case.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction on the grounds that plaintiffs' claims are not ripe and plaintiffs have not established their standing to sue.

2.     The First Amended Complaint fails to state claims on which relief may be granted.

## CONCLUSION

WHEREFORE, having fully answered, defendants respectfully request that plaintiffs' claims against them be dismissed with prejudice, and that the Court award the defendants such other and further relief as this Court may deem just and proper.

Dated: May 4, 2018                           Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

 */s/ Lynn Y. Lee*
LYNN Y. LEE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Tel: (202) 305-0531
E-mail: lynn.lee@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018, I electronically filed a copy of the foregoing. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                          */s/ Lynn Y. Lee*
                                          LYNN Y. LEE