# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN; *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM; et al.<br><br>DEFENDANTS. | Civil Action No. 4:16−cv−03362<br><br>Honorable Gray H. Miller<br><br>PLAINTIFFS' SUPPLEMENTAL PLEADING ATTACHING DEFENDANTS' *VERIFICATIONS* TO RESPONSES TO INTERROGATORIES, IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

TO THE HONORABLE COURT:

Defendants had not verified their answers to Plaintiffs' first set of interrogatories, which were Exhibit 5 to Plaintiffs' Motion for Summary Judgment. Now that Defendants have provided a verified version, Plaintiffs attach them here, to supplement Exhibit 5.

Respectfully Submitted.

Date: August 30, 2018

*Marc Angelucci*
_____
Marc E. Angelucci,
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN et al., <br><br> Plaintiffs, <br><br> v. <br><br> SELECTIVE SERVICE SYSTEM et al., <br><br> Defendants. | No. 4:16-cv-3362 |

## DEFENDANT SELECTIVE SERVICE SYSTEM'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Selective Service System ("SSS"), by and through undersigned counsel, hereby submits objections and initial responses to plaintiffs' First Set of Interrogatories Upon Defendant Selective Service System, served May 15, 2018. In presenting these objections, SSS does not waive any further objection in pretrial motions practice or at trial to the admissibility of evidence on the grounds of relevance, materiality, privilege, competency, or any other appropriate ground.

### GENERAL OBJECTIONS

SSS objects to these interrogatories to the extent that they seek (a) attorney work product; (b) communications or information protected by the attorney-client privilege; or (c) communications or information protected by the deliberative process privilege.

1

## SPECIFIC OBJECTIONS AND RESPONSES

Interrogatory No. 1:

Explain, in detail, your reasons for requiring only men to register for the Selective Service System (for purposes of these interrogatories, "register for the Selective Service System" refers to registering for the military draft set forth in the Military Selective Service Act).

Response:

SSS requires only men to register for the SSS because the Military Selective Service Act ("MSSA"), 50 U.S.C. § 3802, authorizes only the registration of men.

Interrogatory No. 2: Explain, in detail, to what extent women are now allowed in combat roles in the United States.

Objection: SSS objects to this interrogatory on the grounds that it is vague and ambiguous. Specifically, the interrogatory does not define "combat roles," nor is SSS aware of a universally accepted understanding of what that term means.

Response: SSS lacks knowledge or information regarding the extent to which women are now allowed in combat roles. The Department of Defense ("DoD") may have responsive information, disclosure of which would be governed by DoD's *Touhy* regulations. Please refer to DoD Directive No. 5405.2, "Release of Official Information in Litigation and Testimony by DoD Personnel as Witnesses."

Interrogatory No. 3: State whether or not your website says: "The U.S. came close to drafting women during World War II, when there was a shortage of military nurses. However, there was a surge of volunteerism and a draft of women nurses was not needed."

Response: The SSS website contains the above-quoted statement.

Interrogatory No. 4: State whether or not the following statement is true: "The U.S. came close to drafting women during World War II, when there was a shortage of military nurses. However, there was a surge of volunteerism and a draft of women nurses was not needed."

Objection: SSS objects to this interrogatory on the grounds that it is vague and ambiguous, and calls for speculation. The interrogatory does not identify any measure by which SSS can assess whether or when the United States "came close" to drafting women.

Response: There is some historical evidence that a limited draft of women appears to have been considered during WWII. "In his January 1945 State of the Union Address President Franklin D. Roosevelt remarked that there was a critical shortage of Army nurses and that medical units in the European theater were being strained to the breaking point. He proposed that nurses be drafted. A nurse draft bill passed in the House and came within one vote in the Senate before the surrender of Germany. In the interim, the enrollment of over 10,000 nurses in the Army Nurse Corps early in 1945 rendered the

3

measure superfluous." (Source: CMH Pub 72-14 The Army Nurse Corps: A Commemoration of World War II Service, 1993)]

Interrogatory No. 5: Explain, in detail, how women would have been drafted during World War II if the Selective Service actually drafted them, including, without limitation, what capacity (combat, nurses, etc.) they would have been in, how you would have handed it logistically, and any other explanation you have as to how and what mechanisms would have been used.

Objection: SSS objects to this interrogatory on the ground that it is vague and ambiguous, and calls for speculation. How women would have been drafted during World War II would have depended on the terms of the legislation authorizing the drafting of women, which was never enacted into law; additionally, SSS would not have been responsible for determining in what capacity any drafted women would have served. SSS also objects to this interrogatory to the extent that it creates interrogatories with multiple discrete subparts.

Response: SSS lacks sufficient knowledge or information to respond to this interrogatory.

Interrogatory No. 6: Explain, in detail, any other reasons for not drafting women in World War II other than that there was a surge of volunteerism.

Objection: SSS objects to this interrogatory on the grounds that it is vague and ambiguous, and calls for speculation. To the extent that only Congress could have legally

4

required women to be drafted for service in World War II, SSS does not know what reasons Congress might have had for not doing so.

Response: SSS lacks sufficient knowledge or information to respond to this interrogatory. SSS is not aware of any specific reasons for not drafting women during World War II other than a surge of volunteerism.

Interrogatory No. 7: Explain, in detail, any other times in United States history when the United States came close to drafting women.

Objection: SSS objects to this interrogatory on the grounds that it is vague and ambiguous, and calls for speculation. The interrogatory does not identify any measure by which SSS can assess whether or when the United States "came close" to drafting women.

Response: SSS lacks sufficient knowledge or information to respond to this interrogatory. SSS is not aware of any other times in United States history when the United States government contemplated subjecting women to a military draft.

Interrogatory No. 8: Explain, in detail, why women should not be required to register for the Selective Service when the U.S. came close to drafting women during World War II as nurses.

Response: SSS is a service agency responsible for implementing the MSSA. SSS takes no position on whether Congress should require women to register for the Selective Service.

5

Interrogatory No. 9: Explain, in detail, why women cannot now be required to register for the Selective Service for non-combat roles.

Response: When SSS registers a person, it does not determine the role that person will serve once inducted. This determination is made by DoD after induction. To the extent that this interrogatory seeks information from DoD, please refer to DoD Directive No. 5405.2, "Release of Official Information in Litigation and Testimony by DoD Personnel as Witnesses."

Interrogatory No. 10: Explain, in detail, whether Selective Service registration is solely for combat roles.

Objection: SSS objects to this interrogatory on the ground that it is vague and ambiguous. Specifically, the interrogatory does not define "combat roles," nor is SSS aware of a universally accepted understanding of what that term means.

Response: Selective Service registration requires all eligible individuals to register without consideration of what roles they will ultimately serve. Historically, Selective Service registration has been relied upon to replace those falling in combat.

Interrogatory No. 11: Explain, in detail, any logistical problems you are aware of with requiring women to register for the Selective Service?

Objection: SSS objects to this interrogatory on the ground that it calls for speculation. Given that women do not currently register for the Selective Service, SSS

cannot identify with any certainty what logistical problems might arise if they were legally required to do so.

Response: SSS is presently unaware of any specific logistical problems that would arise if women were required to register for the Selective Service.

Interrogatory No. 12: State whether or not it is true that, in a report by the United States Department of Defense dated March 17, 2017, titled "Report on the Purpose and Utility of a Registration System for Military Selective Service," the Department of Defense recommends that women should be required to register for the Selective Service.

Response: The cited report speaks for itself, and SSS refers plaintiffs to the full text of the report for a complete and accurate statement of its contents.

Interrogatory No. 13: For each document in your possession, control, or knowledge that supports, contradicts, or relates to your position that women should be required to register for the Selective Service, state the title, author(s), date(s), description, and location of said document.

Response: SSS has no documents that are responsive to this interrogatory.

Interrogatory No. 14: For each expert you have consulted regarding women and the Selective Service, state the name, title, contact information, and position of that expert.

Response: SSS has not consulted any experts regarding women and the Selective Service.

7

Interrogatory No. 15: Explain, in detail, how many women have served in combat roles in the United States military from January 1, 2001 to the present date, including, without limitation, the countries they served combat in and their combat positions.

Objection: SSS objects to this interrogatory on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of this case. Specifically, the interrogatory does not define "combat roles," nor is SSS aware of a universally accepted understanding of what that term means. Moreover, providing a comprehensive list of every woman who has ever served in a "combat role" (particularly if broadly defined) for the past 17 years would require a wide sweep of a large amount of potentially sensitive information that bears no clear relevance to the issues in this case. In any event, as noted below, SSS does not possess this information.

Response: SSS lacks knowledge or information regarding the extent to which women have served in combat roles since January 1, 2001. DoD may have responsive information, disclosure of which would be governed by its *Touhy* regulations. Please refer to DoD Directive No. 5405.2, "Release of Official Information in Litigation and Testimony by DoD Personnel as Witnesses."

Interrogatory No. 16: Explain, in detail, all facts supporting or otherwise relating to your denials and affirmative defenses to the operative complaint in this action.

Objection: SSS objects to this interrogatory as premature, given that this case is still in the early stages of discovery.

Response: It is premature for SSS to respond at this time. SSS will supplement its response before the close of discovery.

Interrogatory No. 17: Describe, in detail, all documents supporting or otherwise relating to your denials and affirmative defenses to the operative complaint in this action.

Objection: SSS objects to this interrogatory as premature, given that this case is still in the early stages of discovery.

Response: It is premature for SSS to respond at this time. SSS will supplement its response before the close of discovery.

Dated: June 14, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Lynn Y. Lee*
LYNN Y. LEE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Tel: (202) 305-0531
E-mail: lynn.lee@usdoj.gov

## CERTIFICATION

I hereby certify that, under penalty of perjury, on the basis of information provided to me in my official capacity, that the responses provided to these interrogatories are true to the best of my knowledge, information, and belief.

*Rudy Sanchez*

Rudy Sanchez

General Counsel

Selective Service System