UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL COALITION FOR MEN *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM *et al.*,<br><br>Defendants. | | No. 4:16-cv-3362 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants hereby respectfully submit the following response to Plaintiffs' Separate Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment. Plaintiffs' statement is not required by either the Federal Rules of Civil Procedure or the Local Rules of this Court. Nonetheless, Defendants provide this response in order to clarify the record.

| Plaintiffs Assertions of Undisputed Fact | Evidence Cited | Defendants' Response |
|---|---|---|
| James Lesmeister is a male United States citizen, born on January 12, 1995, and is currently 23 years old. | Lesmeister Decl., ¶ 1 | Not disputed. |
| Lesmeister is a resident of Pearland, Texas. Leismeister is registered for the military draft as is required of him as a male. System. | Lesmeister Decl., ¶ 2 | Not disputed. |

| | | |
|---|---|---|
| Lesmeister is not a member of the military or a student at military academies or otherwise exempt from the draft. (Leismeister Decl., ¶ 5.)  Lesmeister meets all qualifications for registration in the Selective Service | Lesmeister Decl., ¶ 3 | Not disputed. |
| Davis is a male United States citizen, born on December 4, 1997, and is currently 20 years old. | Davis Decl., ¶ 1 | Not disputed. |
| Davis is a resident of San Diego, California. | Davis Decl., ¶ 2 | Not disputed. |
| Davis has registered for the military draft as is required of him as a male. | Davis Decl., ¶ 3 | Not disputed. |
| Davis is not a member of the military or a student at military academies or otherwise exempt from the draft. | Davis Decl., ¶ 5 | Not disputed. |
| NCFM is a non-profit, 501(c)(3) educational and civil rights corporation organized under the laws of the State of California and of the United States. | NCFM Decl., ¶ 1 | Not disputed. |
| NCFM was established in 1976 to examine how sex discrimination adversely affects males in military conscription, child custody laws, parenting rights, domestic violence services, family law, paternity laws, criminal sentencing, public benefits, education, occupations that are not traditionally male | NCFM Decl., ¶ 4 | Not disputed. |

| | | |
|---|---|---|
| (nursing, school teachers, etc.), and other areas. | | |
| NCFM has members who are males ages 18-25, are harmed by or subject to the sex-discrimination of the Selective Service, are United States citizens, are not members of the military or students at military academies or otherwise exempt from the draft, and who meet all other qualifications for registration in the Selective Service System. | NCFM Decl., ¶ 5 | The statement that members of NCFM "are harmed by or subject to the sex-discrimination of the Selective Service" is a conclusion of law not a statement of fact and does not require a response. To the extent a response is deemed necessary, Defendants dispute Plaintiffs' allegations of harm and their standing in this case. |
| The MSSA requires all male United States citizens and male immigrant noncitizens between the ages of 18 and 26 to register with the MSSS within 30 days of their 18th birthdays. 50 U.S.C. § 453(a). After they register, men must notify the SSS within 10 days of any changes to any of the information provided on the registration card, including a change of address, until January 1 of the year they turn 21 years of age. Failure to comply with the MSSA can subject a man to five years in prison, a $10,000 fine, and denial of federal employment or student aid. None of these requirements apply to women. | 50 U.S.C. § 462(a) | This is a conclusion of law, rather than a statement of fact, that does not require a response. The Court is referred to the cited statutory provisions for a complete and accurate statement of their contents. |
| In February 2012, the military opened over 14,000 positions | Exhibit 1, p.1 | Defendants do not dispute that the cited memorandum from Secretary Panetta, |

| | | |
|---|---|---|
| previously closed to women, and combat positions continued to open. | | dated January 24, 2013, states that "In February 2012, in collaboration with the Joint Chiefs of Staff, we modified the 1994 Rule, thereby opening up over 14,000 positions previously closed to women." The Court is referred to the memorandum for a complete and accurate statement of its contents. |
| Throughout 2012, combat roles continued opening for women, and by January 2013, thousands of women have served alongside men in combat roles in Iraq and Afghanistan. | Exhibit 1 | Defendants do not dispute that the cited memorandum from Secretary Panetta, dated January 24, 2013, states that "thousands of women have served alongside men in Iraq and Afghanistan." The Court is referred to the memorandum for a complete and accurate statement of its contents. |
| On January 12, 2013 Secretary of Defense Leon E. Panetta and Chairman of the Joint Chiefs of Staff Martin E. Dempsey issued a Memorandum officially rescinding the ban on women in combat (hereinafter, "2013 Memorandum"). | Exhibit 1 | Defendants do not dispute that the cited memorandum from Secretary Panetta, dated January 24, 2013, states that "the 1994 Direct Ground Combat Definition and Assignment Rule excluding women from assignment to units and positions whose primary mission is to engage in direct combat on the ground is rescinded effective immediately." The Court is referred to the memorandum for a complete and accurate statement of its contents. |

| | | |
|---|---|---|
| The 2013 Memorandum directed that integration of women into combat positions be completed "as expeditiously as possible," no later than January 1, 2016, and gave the military departments until May 15, 2013 to submit a detailed plan for the implementation of the directive. | Exhibit 1 | Defendants do not dispute the statements quoted from the document cited. The Court is referred to the memorandum for a complete and accurate statement of its contents. |
| On December 34, 2015, the United States Department of Defense wrote a letter to Congress stating that it "intends to assign women to previously closed positions and unit across all Services and U.S. Special Operations Command." | Exhibit 2 | Defendants do not dispute the statements quoted from the document cited, except to clarify that the letter was authored December 3, 2015. The Court is referred to the memorandum for a complete and accurate statement of its contents. |
| The Selective Service's website describes this letter as follows: "LATEST UPDATE: Defense Secretary Ash Carter announced on December 3, 2015, the Department of Defense will lift all gender-based restrictions on military service starting January 2016." | Exhibit 3 | Defendants do not dispute that the document cited appears on the Selective Service's website and contains the quoted statement. |
| On March 17, 2017, the Department of Defense issued a 37- page report titled "Report on the Purpose and Utility of a Registration System for Military Selective Service" that supports requiring women to register for the MSSA (hereafter "Pentagon Report"). | Exhibit 4 | Defendants do not dispute that a report was released, but dispute Plaintiffs' characterization that the report supports requiring women to register for the draft. The report states, "In the absence of a comprehensive study and a broader national dialogue on the issues, DoD takes no position on whether the |

| | | |
|---|---|---|
| | | current national registration system and mobilization process could or should be modified." Exhibit 4, p. 36. The Court is referred to the report for a complete and accurate statement of its contents. |
| The Pentagon Report states that on December 3, 2015, Secretary of Defense Ashton Carter opened "all military occupational specialties to women and removed all final restrictions on the service of women in combat," and that "qualified women were eligible to participate in all career fields, in all duty positions, at all echelons of the Armed Forces." The Pentagon Report states that in December 2015, the Department of Defense advised Congress that the impending change "further alters the factual backdrop" underpinning Rostker. | Exhibit 4, p. 15 | Defendants do not dispute that the cited report contains the quoted statements. The Court is referred to the report for a complete and accurate statement of its contents. |
| The Pentagon Report describes the injustice to male citizens of being required to register and face stiff penalties when women do not. The report concludes that continuing to require only men to register for the MSSA would constrain success by restricting the database of professions, skills, academic degrees, and licenses, useful even for a voluntary recruitment | Exhibit 4, p. 37 | The first sentence of this statement is a characterization of the exhibit that does not require a response. As to the second sentence, Defendants note that the report also states, "In the absence of a comprehensive study and a broader national dialogue on the issues, DoD takes no position on whether the current national registration system and mobilization |

| | | |
|---|---|---|
| system, and that this would "prove an unfortunate omission." | | process could or should be modified." Exhibit 4, p. 36. The Court is referred to the report for a complete and accurate statement of its contents. |
| Defendants admit that their own website states: "The U.S. came close to drafting women during World War II, when there was a shortage of military nurses. However, there was a surge of volunteerism and a draft of women nurses was not needed." | Exhibit 3, Exhibit 5, and Exhibit 6 | Defendants do not dispute that the document cited appears on the Selective Service's website and contains the quoted statement. |
| The Pentagon Report indicates the draft does not have to be for purposes of combat." | Exhibit 4, p. 16 | Disputed. Defendants admit that the report states, on p. 17, that "future wars may have greater requirements for more technical skills in non-combat fields," but does not contain the precise statement made in this allegation. The Court is referred to the report for a complete and accurate statement of its contents. Defendants further state that the "current focus" of the draft remains "on mass mobilization of primarily combat troops." National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 552(b)(4), 130 Stat. 2000, 2131 (2016). Defendants further aver that the report states, "In the absence of a comprehensive study and a broader national dialogue on the issues, DoD takes no position on whether the |

| | | |
|---|---|---|
| | | current national registration system and mobilization process could or should be modified." Exhibit 4, p. 36. |
| Defendants admit that their own website reads: "The U.S. came close to drafting women during World War II, when there was a shortage of military nurses. However, there was a surge of volunteerism and a draft of women nurses was not needed. | Exhibits 5 and 6 | Defendants do not dispute that the document cited appears on the Selective Service's website and contains the quoted statement. |
| Even the Pentagon Report indicates the draft does not have to be for purposes of combat." | Exhibit 4, p. 16 | Disputed.  Defendants admit that the report states, on p. 17, that "future wars may have greater requirements for more technical skills in non-combat fields," but does not contain the precise statement made in this allegation.  The Court is referred to the report for a complete and accurate statement of its contents.  Defendants further state that the "current focus" of the draft remains "on mass mobilization of primarily combat troops."  National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 552(b)(4), 130 Stat. 2000, 2131 (2016).  Defendants further aver that the report states, "In the absence of a comprehensive study and a broader national dialogue on the issues, DoD takes no position on whether the current national registration |

|  |  | system and mobilization process could or should be modified." Exhibit 4, p. 36. |
|---|---|---|

Date: September 20, 2018            Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Michael J. Gerardi*
MICHAEL J. GERARDI (DC Bar #1017949)
MATTHEW SKURNIK (NY 5553896)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, 12th fl.
Washington, DC 20005
Tel: (202) 616-0680
Fax: (202) 616-8460
E-mail: michael.j.gerardi@usdoj.gov