IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN; *et al.* <br><br> PLAINTIFFS, <br><br> v. <br><br> SELECTIVE SERVICE SYSTEM; *et al.,* <br><br> DEFENDANTS. | Civil Action No. 4:16−cv−03362 <br><br> Honorable Gray H. Miller <br><br> PLAINTIFFS' OPPOSITION TO REQUEST STAY; REPLY TO OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

Plaintiffs submit the following Opposition to Request for Stay, and Reply to Opposition to Motion for Summary Judgment.

### I. THE CONSTITUTION CANNOT BE PUT ON HOLD

Absent "exceptional circumstances," federal courts have a "virtually unflagging obligation" to exercise jurisdiction when a case is properly before the Court. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Accordingly, a party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In the absence of a "pressing need," a stay of abuse is an abuse of discretion. Id., at 255.

Here, Defendants present no pressing need. Nor do they make any substantive argument as to equal protection. They merely argue that Congress has

1

now created a commission, and that the United States Constitution should be put on hold again while Congress deliberates. Congress has been doing that for years, even when the Ninth Circuit reversed the trial court's decision that the case was not ripe. The existence of a commission does not change that.

At this moment, the Constitutional rights of half the population are being violated. To delay the Constitutional question while Congress gathers public opinions and decides pragmatic issues is to devalue the Constitution to a mere guide rather than the supreme law of the land. The most primary legal authority of United States should not be depreciated on such a feeble basis.

Deference requires something to defer to. Here, Defendants present no evidence, or even an argument, that the Constitution is not being violated, or that both sexes should not be required to register for the draft. Thus, there is nothing to defer to, as there perhaps was when *Rostker v. Goldberg,* 453 U.S. 57 (1981) was decided. Even *Rostker* states: "None of this is to say that Congress is free to disregard the Constitution when it acts in the area of military affairs." *Id.,* at 68.

To grant a stay here would be akin to the U.S. Supreme Court in *Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954), instead of ruling on the discrimination issue before it, granted a stay to the Topeka Board of Education in order to give a Kansas legislative commission time to consider legislation that would change a Kansas law that permitted school districts to maintain separate elementary school facilities for black and white students. Fortunately, the U.S. Supreme Court did not punt on that extensive discrimination issue, and on May

17, 1954, in a unanimous decision, our Supreme Court ruled that "separate educational facilities are inherently unequal." As a result, *de jure* racial segregation was ruled a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

The Department of Justice itself wrote a lengthy report strongly supporting the inclusion of women in the draft, and gave no grounds for the contrary.  The fact that the Department of Justice, in a footnote, deferred to congressional deliberations does not change their position on the matter.  And administrative deference to legislative deliberations is a far cry from judicial delay of a Constitutional question while legislative deliberation takes place, whether that deliberation be in the Kansas Legislature or in the U.S. Congress.

The argument that the Court's decision may be moot is Congress decides to end the sex discrimination turns reality on its head.  Congress should be made aware of the Court's position on the Constitutionality of the sex discrimination in advance, so it knows what decision to make in its deliberations.  Putting aside the importance of the Constitution itself, leaving Congress in the dark as it continues to spend time and money deliberating, is neither expedient nor prudent.

Lastly, Defendants' argument that the hardship is *de minimis* disregards the fundamental paramountcy of the Constitutional right to equal protection. "Discrimination itself, by perpetuating 'archaic and stereotypic notions' . . . can cause serious noneconomic injuries to those persons who are personally denied equal treatment." *Heckler v. Mathews*, 465 U.S. 728, 739-740 (1984).  Defendants

have not made any such argument, or even an offer of proof of such pending further evaluation by Congress. Therefore, the request for a stay should be denied.

## II. THE CASE IS RIPE.

Defendants argue ripeness again, even though Ninth Circuit already held that Plaintiffs' claims are "definite and concrete, not hypothetical or abstract,' and that: "Even if some uncertainty remains as to the full extent to which women will end up serving in combat roles, that does not render [Plaintiffs'] claims unripe." (Order of Reversal and Remand, p. 3.)

Ripeness is aimed at cases that do not yet have a concrete impact on the parties arising from the dispute. *Bova v. City of Medford,* 564 F.3d 1093, 1096 (9th Cir. 2009). For ripeness purposes, an evaluation of hardship to the parties "does not mean just anything that makes life harder; it means hardship of a *legal* kind …" *Colwell v. Department of Health & Human Services,* 558 F.3d 1112, 1128, (9th Cir. 2009) (emphasis added).

Even at that time, the federal government was evaluating the issue. The formation of a commission did not change that fact. And even under the conditions of *Rostker,* the District Court rejected the ripeness argument, stating:

> Defendants' argument on both standing and ripeness can be reduced to their assertion that registration alone is so inconsequential and so minor a requirement that we should not adjudicate this case at this time. Free people abhor any governmental intrusion into privacy and such intrusions are tolerated only as justified by the needs of society. We will accept no argument that intrusions are inconsequential and beneath the recognition of a federal court. The concept that the government can, without justification, require any group of Americans to register and continually report their

4

whereabouts is constitutionally unacceptable.  The reasons for any intrusions by the government must always be open to scrutiny under the Constitution.  The justification for registration in the instant case is the need to conscript armed forces in all orderly manner to meet the defense needs of the nation.  This purpose is clearly valid.  However, the need to register men only, and the need not to register women, is not so apparent.  **Registration is a sufficient intrusion on the rights of any citizen to allow this court to adjudicate the constitutionality of that registration.  We need not wait, and should not wait, until the governmental intrusion on the individuals' civil rights reaches maximum proportions and the nation is in a time of crisis.  The case is ripe.**

*Goldberg v. Rostker,* 509 F. Supp. 586, 592 (DC Penn 1980).

*Rostker* reversed *Goldberg* on other grounds, but *Rostker* never addressed ripeness.  Thus, although *Goldberg* is not binding, its reasoning on ripeness is just as applicable now as it was then, in fact more so, because the barriers to women in combat have been eradicated, and the Selective Service System has yet to present a Constitutional argument even after years of litigating the issue.

### III.  CONCLUSION

Defendants show no pressing basis for a stay or for a denial of summary judgment.  Historically, our courts have not stayed cases involving questions of equal protection under the U.S. Constitution as this case does. For all of the foregoing reasons, Plaintiffs respectfully request summary judgment in their favor.

Respectfully Submitted.

Law Office of Marc E. Angelucci

Date:  September 24, 2018        By:  *Marc Angelucci*
                                    Marc E. Angelucci, Esq.
                                    Attorney for Plaintiffs