IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN; ANTHONY DAVIS; AND JAMES LESMEISTER, Individually and on behalf of others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>SELECTIVE SERVICE SYSTEM; LAWRENCE G. ROMO, as Director of SELECTIVE SERVICE SYSTEM; and DOES 1 through 50, Inclusive,<br><br>DEFENDANTS. | Civil Action No. 4:16−cv−03362<br><br>Honorable Gray H. Miller<br><br>PLAINTIFFS' MOTION FOR PARTIAL RELIEF FROM JUDGMENT PER F.R.C.P. § 60 AND FOR SUMMARY JUDGMENT GRANTING INJUNCTIVE RELIEF OR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT GRANTING INJUNCTIVE RELIEF. |

Pursuant to Federal Rule of Civil Procedure 60, Plaintiffs, National Coalition For Men ("NCFM"), James Lesmeister ("Lesmeister"), and Anthony Davis ("Davis") (together, "Plaintiffs"), respectfully move this honorable Court for an Order granting partial relief from the February 22, 2019 Judgment insofar as it denied injunctive relief, or a new hearing regarding the same, and for summary judgment granting permanent injunctive relief or leave to file a motion for summary judgment granting permanent injunctive relief. In support of this Motion, Plaintiffs are filing a Memorandum of Points and Authorities herein, and refer to the previously-filed Request for Judicial Notice and Lodgment of Declarations and Evidence filed in support of their initial Motion for Summary

1

Judgment, including the declarations of Marc E. Angelucci, NCFM (by President Harry Crouch), Lesmeister, and Davis.  This Motion is made on the grounds that:

1. On February 22, 2019, this Court issued a declaratory judgment ("Judgment") holding that Defendants' requirement that men but not women must register for the Military Selective Service Act ("MSSA") violates Plaintiffs' Equal Protection under the Fifth Amendment to the United States Constitution, but the Court declined to grant injunctive relief on the basis that it was not briefed;

2. Plaintiffs are pleased with declaratory order, but they had also believed they did also request injunctive relief in that their Motion for Summary Judgment requested summary judgment on the first cause of action in the Third Amended Complaint, which requested both injunctive and declaratory relief.

3. This aforementioned belief, and the omission of the elements of injunctive relief in said motion, were based on mistake, inadvertence, and/or excusable neglect pursuant to Federal Rules of Civil Procedure 60(b)1;

4. There is no genuine dispute that Plaintiffs are irreparably harmed by the ongoing violation of their Constitutional rights to Equal Protection in this case, which are *per se* injurious and also increase Plaintiffs' likelihood of being drafted by unconstitutionally narrowing the draft pool only to men;

5. There is no genuine dispute that Plaintiffs lack an adequate legal remedy at law, as monetary damages would be highly speculative, would not remedy the ongoing harm, and would leave out millions of men whose Constitutional rights are violated every day by Defendants;

6. On March 22, 2019, Plaintiff's counsel asked Defendants' counsel if he would stipulate to grant the relief requested herein, and Defendants' counsel declined.

7. Plaintiffs are entitled to summary judgment in their favor.

Accordingly, Plaintiffs respectfully request an order granting partial relief from the February 22, 2019 Judgment insofar as it denied injunctive relief, and request a summary judgment granting permanent injunctive relief or leave to file a motion for summary judgment granting injunctive relief directing Defendants to stop violating Plaintiffs' Equal Protection rights and either require both men and women to register, or require neither men nor women to register, for the MSSA.

Respectfully Submitted.

Law Office of Marc E. Angelucci

Date: 3/24/19           By: *Marc Angelucci*
                            _____
                            Marc E. Angelucci, Esq.
                            Attorney for Plaintiffs
                            NCFM, Lesmeister, and Davis

# TABLE OF CONTENTS

| | | |
|---|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES. | | 6. |
| I. | SUMMARY OF ARGUMENT | 6. |
| II. | ISSUES | 7. |
| III. | FACTS | 8. |
| IV. | ARGUMENT | 9. |
| | A. FAILURE TO PLEAD THE ELEMENTS OF AN INJUNCTION WAS MISTAKE, INADVERTENCE, AND/OR EXCUSABLE NEGLECT. | 11. |
| | B. PLAINTIFFS WILL SUFFER IRREPARABLE HARM WITHOUT INJUNCTIVE RELIEF. | 12. |
| | C. PLAINTIFFS LACK AN ADEAUTE LEGAL REMEDY. | 14. |
| | D. SUMMARY JUDGMENT IN PLAINTIFFS' FAVOR IN THE FORM OF INJUNCTIVE RELIEF SHOULD BE GRANTED. | 15. |
| V. | CONCLUSION. | 15. |
| VERIFICATION | | 16. |
| WORD COUNT CERTIFICATION | | 16. |

# TABLE OF CITATIONS

|  | Page |
|---|---|
| **CASES** | |
| *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531 (1987) | 5, 12. |
| *Basicomputor Corp. v. Scott*, 973 F.2d 507 (6th Cir. 1992) | 14. |
| *Goldberg v. Rostker,* 509 F. Supp. 586 (DC Penn 1980) | 12. |
| *Heckler v. Mathews*, 465 U.S. 728 (1984) | 12. |
| *Koire v. Metro Car Wash,* 40 Cal.3d 24 (1985) | 13. |
| *Lee v. Bickell*, 292 U.S. 415 (1934) | 14. |
| *Orr v. Orr,* 440 U.S. 268 (1979) | 12. |
| *Rostker v. Goldberg* 453 U.S. 57 (1981) | 12, 13. |
| **STATUTES** | |
| 50 U.S.C. § 453(a). | 9, 12. |
| 50 U.S.C. § 462(a). | 10. |
| **CONSTITUTIONAL PROVISIONS** | |
| United States Constitution, Fifth Amendment | 2, 6, 9, 10. |
| **RULES** | |
| Federal Rules of Civil Procedure 60(b)1 | 1, 2, 6, 7, 11. |
| Federal Rule of Civil Procedure | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**SUMMARY OF ARGUMENT**

On February 22, 2019, this Court issued a declaratory Judgment holding that Defendants' requirement that men but not women must register for the MSSA violates Plaintiffs' Equal Protection under the Fifth Amendment to the United States Constitution, but the Court declined to grant injunctive relief on the basis that it was not briefed. While Plaintiffs are pleased with the Judgment, they had also believed their Motion for Summary Judgment requested injunctive relief in that the motion sought summary judgment on the first cause of action in the Third Amended Complaint, which requested both injunctive and declaratory relief. It now appears this belief, and the omission of the elements of injunctive relief in said motion, were based on mistake, inadvertence, and/or excusable neglect pursuant to Federal Rules of Civil Procedure 60(b)1. Thus, per said Rule, Plaintiffs request partial relief from the Judgment insofar as it denies injunctive relief, and request summary judgment in the form of injunctive relief.

Injunctive relief requires irreparable injury and inadequacy of legal remedies. *Amoco Prod. Co. v. Vill. of Gambell* (1987) 480 U.S. 531, 542. Here, there is no genuine dispute that Plaintiffs are irreparably harmed by the ongoing violation of their Constitutional rights to Equal Protection in this case, which are *per se* injurious and also increase Plaintiffs' likelihood of being drafted by unconstitutionally narrowing the draft pool only to men. There is also no genuine

dispute that Plaintiffs lack an adequate legal remedy at law, as monetary damages would be highly speculative, would not remedy the ongoing harm, and would leave out millions of men whose Constitutional rights are violated every day.

Therefore, Plaintiffs should be granted summary judgment in their favor in the form of permanent injunctive relief directing Defendants to stop violating Plaintiffs' Equal Protection rights and either require both men and women to register, or require neither men nor women to register, for the MSSA, or leave to file a motion for summary judgment for such relief.

## II.

## ISSUES

1. Whether the Court should grant Plaintiffs partial relief from the Judgment insofar as it denied injunctive relief based on mistake, inadvertence, and/or excusable neglect pursuant to Federal Rules of Civil Procedure 60(b)1; and,

2. Whether the Court should issue a summary judgment in Plaintiffs favor in the form of permanent injunctive relief directing Defendants to stop violating Plaintiffs' Equal Protection rights and either require both men and women to register, or require neither men nor women to register, for the MSSA, or alternatively to grant leave to file a motion for summary judgment for such relief.

## III.

## **FACTS**

Lesmeister is a male United States citizen, born on January 12, 1995, and is 24 years old. (See Declaration of Lesmeister filed August 22, 2018 ("Lesmeister Decl."), ¶ 1.) He is a resident of Pearland, Texas. (Leismeister Decl., ¶ 2.) He is registered for the military draft as is required of him as a male. (Leismeister Decl., ¶ 3.) Davis is a male United States citizen, born on December 4, 1997, and is currently 21 years old. (See Declaration of Davis, filed August 22, 2018 ("Davis Decl.), ¶ 1.) He is a resident of San Diego, California. (Davis Decl., ¶ 2.) He has registered for the military draft as is required of him as a male. (Davis Decl., ¶ 3.) He has been a paid NCFM member since September 23, 2016. (Davis Decl., ¶ 7.) NCFM is a non-profit, 501(c)(3) educational and civil rights corporation organized under the laws of the State of California and of the United States. (See Declaration of Harry Crouch filed August 22, 2018 ("NCFM Decl."), ¶ 1.)

On August 18, 2017, Plaintiffs filed a First Amended Complaint in which their first cause of action was for violation of the Fifth Amendment, and requested both injunctive and declaratory relief. (See First Amended Complaint, filed on August 18, 2017, at pages 2:2 and 13:3.) On August 22, 2019, Plaintiffs filed a Motion for Summary Judgment, and subsequently filed a Reply to Defendants' opposition thereto. In their Motion and Reply, Plaintiffs argued *inter alia* that the violation of their Equal Protection rights based on their sex is per se injurious as a matter of law. (See Motion at page 24, and Reply at page 3.)

Further, in their Motion, Plaintiffs requested a summary judgment in their favor on the first cause of action for violation of the Fifth Amendment. (See Motion at page 24.) Accordingly, as the first cause of action requested both injunctive and declaratory relief, when Plaintiffs requested summary judgment in their favor on their first cause of action, they believed in good faith that their motion incorporated their request for injunctive relief, and that they had pled sufficient facts for injunctive relief, in that they demonstrated that the violation of their Fifth Amendment rights is per se injurious. It appears this was a mistake, inadvertence, and/or excusable neglect, as their motion should have made it clear that they specifically seek injunctive relief, and specifically pled irreparable harm and inadequate legal remedy. Accordingly, Plaintiffs move this honorable Court for an order granting Plaintiffs partial relief from the Judgment insofar as it denies injunctive relief, and for an order granting summary judgment in their favor in the form of injunctive relief directing Defendants to stop violating Plaintiffs' Equal Protection rights and either require both men and women to register, or require neither men nor women to register, for the MSSA, or alternatively to grant leave to file a motion for summary judgment for such relief.

## IV.

## ARGUMENT

Under the MSSA, male United States citizens and male immigrant non-citizens between the ages of 18 and 26 are required by law to register with the MSSS within 30 days of their 18th birthday. 50 U.S.C. § 453(a). After they

register, men must notify the SSS within 10 days of any changes to any of the information provided on the registration card, including a change of address, until January 1 of the year they turn 21 years of age. Failure to comply with the MSSA can subject a man to five years in prison, a $10,000 fine, and denial of federal employment or student aid. 50 U.S.C. § 462(a). None of these requirements or penalties apply to women.

Plaintiffs maintain that: (1) Their failure to brief injunctive relief was based on mistake, inadvertence, and/or excusable neglect; (2) There is no genuine dispute as to the fact that Plaintiffs are irreparably harmed by the violation of their Fifth Amendment rights; (3) There is no genuine dispute as to the fact that Plaintiffs lack an adequate legal remedy for said harm; and (4) Plaintiffs should be granted summary judgment in the form of injunctive relief, or alternatively to grant leave to file a motion for summary judgment for such relief.

**A.     FAILURE TO PLEAD THE ELEMENTS OF AN INJUNCTION WAS MISTAKE, INADVERTENCE, AND/OR EXCUSABLE NEGLECT.**

Federal Rule of Civil Procedure Section 60(b)1 allows a party to file a motion for relief from a judgment or order based on mistake, inadvertence, surprise, or excusable neglect. Pursuant to subdivision (c), said motion must be filed within a reasonable time and no more than one year after entry of the judgment or order (extended by three days for mail service per Rule 6(d)). Subdivision (b)6 allows the motion based on any other reason that justifies relief.

The Judgment issued on February 22, 2019. Plaintiff's counsel had surgery on February 26, 2019 and was on vacation out of his home state from March 14 – 21, 2019. He has about ten cases that he handles himself with no staff in addition to being an adjunct professor of paralegal studies and a part time County of Los Angeles caregiver for a disabled person. His schedule is so hectic that he usually works seven days a week, often pro bono, and has been handling emergency motions as well as several appeals and petitions for writs of mandate. He has acted diligently in consulting his clients, researching, and bringing this Motion.

Plaintiffs' counsel believed in good faith that the Motion for Summary Judgment included by incorporation a request for injunctive relief because the Motion requested a summary judgment on the first cause of action in the First Amended Complaint, which did include a request for both injunctive and declaratory relief. By inadvertence and mistake, and/or excusable neglect, he neglected to specifically brief and plead the elements for injunctive relief, and assumed that the per se injuriousness established in the Motion would suffice for injunctive relief. Upon reading the Judgment he realized this should have been specifically pled, and upon further research has found that under federal law a permanent injunction requires irreparable harm and inadequate legal remedy. Accordingly, pursuant to Federal Rule of Civil Procedure 60, Plaintiffs respectfully request that this honorable Court granted Plaintiffs partial relief from the Judgment insofar as it denies them injunctive relief.

### B. PLAINTIFFS WILL SUFFER IRREPARABLE HARM WITHOUT INJUNCTIVE RELIEF.

Injunctive relief requires irreparable injury and inadequacy of legal remedies. *Amoco Prod. Co., supra,* 480 U.S. at 542. In this case, Plaintiffs are still of draft age and are mandated to continually report their whereabouts to the government. Davis must do so for approximately five more years, and Lesmeister for approximately two more years. This ongoing requirement violates their Constitutional rights on a day-to-day basis, and would cause them irreparable harm without injunctive relief because sex discrimination in the law is *per se* injurious, and because the discrimination increases Plaintiffs' likelihood of being selected in case of a draft.

Sex discrimination is harmful in itself and carries "the baggage of sexual stereotypes." *Orr v. Orr,* 440 U.S. 268, 283 (1979). "Discrimination itself, by perpetuating 'archaic and stereotypic notions' . . . can cause serious noneconomic injuries to those persons who are personally denied equal treatment." *Heckler v. Mathews*, 465 U.S. 728, 739-740 (1984). The lower court in *Rostker v. Goldberg,* 453 U.S. 57 (1981) applied this to registration, stating:

> Registration is a sufficient intrusion on the rights of any citizen to allow this court to adjudicate the constitutionality of that registration. We need not wait, and should not wait, until the governmental intrusion on the individuals' civil rights reaches maximum proportions and the nation is in a time of crisis.

*Goldberg v. Rostker,* 509 F. Supp. 586, 592 (DC Penn 1980) (overturned on other grounds in *Roster, supra*).

The California Supreme Court put it this way in a unanimous decision:

> Men and women alike suffer from the stereotypes perpetrated by sex-based differential treatment. When the law emphasizes irrelevant differences between men and women, it cannot help influencing the content and the tone of the social, as well as the legal, relations between the sexes. ... As long as organized legal systems . . . differentiate sharply, in treatment or in words, between men and women on the basis of irrelevant and artificially created distinctions, the likelihood of men and women coming to regard one another primarily as fellow human beings and only secondarily as representatives of another sex will continue to be remote. When men and women are prevented from recognizing one another's essential humanity by sexual prejudices, nourished by legal as well as social institutions, society as a whole remains less than it could otherwise become.

*Koire v. Metro Car Wash,* 40 Cal.3d 24, 34-35 (1985).

On March 17, 2017, the Department of Defense issued a 37-page report titled "Report on the Purpose and Utility of a Registration System for Military Selective Service" that describes the injustice to male citizens of being required to register and face stiff penalties when women do not, and that this is not only unfair to men but also "creates the perception of discrimination and unfair dealing—a tarnish that attaches to the military selective service system writ large. (See Exhibit 4 of the Lodgment of Exhibits to Plaintiffs initial Motion for Summary Judgment ("Pentagon Report"), p. 37.)

Without injunctive relief, Plaintiffs' Constitutional rights will continue to be violated on a day-to-day basis, and their chances of being selected for a draft increased by said violation. Therefore, absent injunctive relief to end the unconstitutional sex discrimination, Plaintiffs will suffer irreparable harm.

C. **PLAINTIFFS LACK AN ADEAUTE LEGAL REMEDY.**

The lack of an adequate remedy at law may be demonstrated to the court by showing that alternative legal remedies are immeasurable or merely speculative. *Basicomputor Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992). An adequate remedy at law may be deemed unavailable if legal redress may be obtained only by commencement of multiple actions, such as when the defendant repeatedly commits allegedly harmful acts. *Lee v. Bickell*, 292 U.S. 415, 421 (1934)

In this case, there is no genuine dispute as to the lack of adequate legal remedy for Plaintiffs. Monetary damages would be highly speculative, would not remedy the ongoing harm, and would only be for Plaintiffs, while millions of other men of draft age would continue to have their Constitutional rights violated and would require multiple lawsuits in order to remedy. Given the continual and constant Constitutional violations here, this is exactly the kind of case where equitable relief is proper rather than monetary damages. Therefore, Plaintiffs have no adequate legal remedy and should be granted injunctive relief.

D. **SUMMARY JUDGMENT IN PLAINTIFFS' FAVOR IN THE FORM OF INJUNCTIVE RELIEF SHOULD BE GRANTED.**

There being no triable issue of material fact, Plaintiffs should be granted summary judgment in their favor in the form of permanent injunctive relief directing Defendants to stop violating Plaintiffs' Equal Protection rights and to either require both men and women to register, or require neither men nor women

to register, for the MSSA, or alternatively to grant leave to file a motion for summary judgment for such relief.

## V.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs request partial relief from the Judgment insofar as it denies injunctive relief, and for a summary judgment in their favor in the form of permanent injunctive relief directing Defendants to stop violating Plaintiffs' Equal Protection rights and either require both men and women to register, or require neither men nor women to register, for the MSSA, or alternatively to grant leave to file a motion for summary judgment for such relief.

          Respectfully Submitted.

          Law Office of Marc E. Angelucci

Date: 3/24/19          By: *Marc Angelucci*
                                Marc E. Angelucci, Esq.
                                Attorney for Plaintiffs
                                National Coalition For Men, James Lesmeister, and Anthony Davis

## VERIFICATION

I, Marc Angelucci, am counsel for Plaintiffs' in this case. I have read the content of this motion and I declare under penalty of perjury under the laws of the State of California that the foregoing to be true and correct. Executed on 3/24/19 at Glendale, California.

*Marc Angelucci*
_____

## WORD COUNT CERTIFICATION

I, Marc Angelucci, counsel for Plaintiffs, certify that this Motion contains approximately 3,092 words, using the word count of the computer program used to prepare this petition.

*Marc Angelucci*
_____