IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| NATIONAL COALITION FOR MEN; ANTHONY DAVIS; AND JAMES LESMEISTER, Individually and on behalf of others similarly situated, <br><br> PLAINTIFFS, <br><br> v. <br><br> SELECTIVE SERVICE SYSTEM; LAWRENCE G. ROMO, as Director of SELECTIVE SERVICE SYSTEM; and DOES 1 through 50, Inclusive, <br><br> DEFENDANTS. | Civil Action No. 4:16−cv−03362 <br><br> Honorable Gray H. Miller <br><br> PLAINTIFFS' SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL RELIEF FROM JUDGMENT AND MOTION FOR SUMMARY JUDGMENT GRANTING INJUNCTIVE RELIEF |

Plaintiffs National Coalition For Men ("NCFM"), James Lesmeister ("Lesmeister"), and Anthony Davis ("Davis") (together, "Plaintiffs"), respectfully submit the following Supplemental Points and Authorities in Support of Motion for Partial Relief from Judgment and Motion for Summary Judgment Granting Injunctive Relief.

1

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES | | 4. |
| I. | A BALANCE OF HARDSHIPS WARRANTS INJUNCTIVE RELIEF. | 4. |
| II. | THE PUBLIC INTEREST WOULD NOT BE DISSERVED BY INJUNCTIVE RELIEF. | 6. |
| CONCLUSION. | | 8. |

## TABLE OF CITATIONS

|  | Page |
|---|---|
| CASES | |
| *Kirchberg v. Feenstra*, 450 U.S. 455, 459 (1981) | 8. |
| *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010) | 4. |
| *United States v. Virginia,* 518 U.S. 515 (1996) | 8. |
| *Verizon Md., Inc. v. PSC*, 535 U.S. 635 (2002) | 4. |
| *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632 (2011) | 4. |
| *Wengler v. Druggist Mutual Ins. Co.*, 446 U.S. 142 (1980) | 8. |

OTHER

John F. Preis, In Defense of Implied Injunction. Relief in Constitutional Cases, 22 Wm. & Mary Bill Rts. J. 1 (2013), https://scholarship.law.wm.edu/wmborj/vol22/iss1/2.   7.

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

According to *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139,

> [A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; [*157] (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Id.,* 561 U.S. at 156-157. Moreover, where an ongoing violation of federal law exists, and Congress has not affirmatively barred the action, a suit for injunctive relief is proper. *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011); see also, *Verizon Md., Inc. v. PSC*, 535 U.S. 635, 645-646 (2002).

In this case, a balance of hardships warrants injunctive relief, and the public interest would not be disserved by such relief.

**I.    A BALANCE OF HARDSHIPS WARRANTS INJUNCTIVE RELIEF.**

In this case, the balance of hardships warrants injunctive relief. The hardship to Plaintiffs in an ongoing violation of their Constitutional rights should be self-evident. Their obligation to continue reporting their whereabouts as on-call warriors for the Federal government is concrete and real, as is the blatant violation of their Constitutional right to Equal Protection.

Even the Pentagon Report describes the injustice to Plaintiffs of being required to register and face stiff penalties when women do not, stating:

> In a tactical manifestation of the **inequity inherent in the current system**, men are required to register for selective

4

>service as a condition of eligibility for myriad consequential benefits and services at both the federal and state levels. A man who forgets, delays, or fails to register is denied government employment, job training, student loans and grants, a driver's license, and a security clearance, to name but a few. Even if he has registered, government action on a man's application for benefits and services for which he is eligible often is held in abeyance while his selective service registration is verified with the SSS. Women suffer none of these denials or delays, solely because they are not required to register for the draft, solely because they are . . . women**.** That technical arguments can be applied to justify such differences in treatment is beside the point. Men are treated differently than their female counterparts, for reasons seemingly grounded in gender; this inequity creates the perception of discrimination and unfair dealing—a tarnish that attaches to the military selective service system writ large. A man who forgets or neglects to register until after he turns 26, past the age at which registration is required, must show, by a preponderance of the evidence, that his failure was not "knowing and willful". The process for adjudicating the matter can be lengthy—as long as 18 months in some cases. During this period, the man is not eligible for certain federal and state benefits and services. A requirement for universal registration would place women and men on equal footing. Each would be required to register; each would be required to verify registration as a prerequisite to receipt of government benefits and services; and each would be subject to the same penalties—the denial of benefits and services—for non-compliance. **Restoring the perception and reality of fair and equal treatment for all in the administration of essential federal and state programs is an additional benefit to be derived from extending to women the requirement to register for the draft.**

(Exhibit 4, p. 19, emphasis added.)

The Constitution is not a buffet. It is not something to pick and choose only what we want from, or what we want to pocket for later, like a tray of chocolates. The Constitution is the supreme and most foundational law of the United States of America, to be immediately redressed when it is violated. To do

otherwise is to send a message that violations of the Constitution are not serious in and of themselves, but only after proving additional harms. That would be the wrong message to send to the judiciary and the public.

The Pentagon Report also concludes that continuing to require only men to register would "constrain success" by restricting the database of professions, skills, academic degrees, and licenses, useful even for a voluntary recruitment system, which would "prove an unfortunate omission." Specifically, it reads:

> A targeted draft in a future war would presumptively focus on highly technical skills in short supply in the labor market as a whole. The percent of individuals qualified in such skills is unlikely to be as variable by gender as are the combat MOSs. Accordingly, targeting a draft to 50% of the available population—males only—would severely constrain success.

(Exhibit 4, p. 37.)

In light of the above and of the seriousness of Constitutional violations alone, especially those of the fundamental right of Equal Protection, there is no hardship to Defendants that could justify continuing the violations toward millions of American men. And Defendants' hardships are insignificant. The Pentagon Report examines the costs and logistical implications of requirement women to register for the MSSA. It provides that, while requiring women to register is likely to require an increase in resources, **the Selective Service has already developed**

**a five-year, phased implementation plan that would absorb such the increase, and it describes the plan in detail.** (Exhibit 4, pp. 19-20, emphasis added.)[1]

Therefore, a balance of hardships strongly warrants injunctive relief in this case.

II. **THE PUBLIC INTEREST WOULD NOT BE DISSERVED BY INJUNCTIVE RELIEF.**

As has already been well-established in Plaintiffs' initial Motion for Summary Judgment and in the instant Motion, ending an ongoing Constitutional violation affecting millions of people every day would in no way disserve the public interest. On the contrary, and as the Pentagon Report fully establishes, it would provide an enormous benefit to the public interest. The information quoted above bears reference here in that regard, and the Pentagon Report goes on to repeatedly support an end to the sex discrimination on public interest grounds. For example, the Pentagon Report states:

> It appears that, for the most part, expanding registration for the draft to include women would enhance further the benefits presently associated with the selective service system. Opening registration to *all* members of the population aged 18-25 – regardless of gender – would convey the added benefit of promoting fairness and equity not previously possible in the process and would comport the military selective service system with our nation's touchstone values of fair and equitable treatment, and equality of opportunity.

(Exhibit 4, pp. 35-36.)

---

[1] See also, John F. Preis, In Defense of Implied Injunction. Relief in Constitutional Cases, 22 Wm. & Mary Bill Rts. J. 1 (2013).

The Constitutional right to Equal Protection based on sex is taken so seriously that the burden is on the government to prove the discrimination is justified. "Parties who seek to defend gender-based government action must demonstrate an 'exceedingly persuasive justification" for that action.'" *United States v. Virginia,* 518 U.S. 515, 531 (1996). Sex discrimination is subject to heightened" scrutiny. *Kirchberg v. Feenstra*, 450 U.S. 455, 459, 459-460 (1981). The party defending the challenged classification carries the burden of demonstrating both the importance of the governmental objective it serves and the substantial relationship between the discriminatory means and the asserted end. *Wengler v. Druggist Mutual Ins. Co.*, 446 U.S. 142, 151 (1980).

Therefore, injunctive relief would not do disservice to the public interest.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs request partial relief from the Judgment insofar as it denied injunctive relief, and for a summary judgment granting injunctive relief directing Defendants to stop the ongoing violation of the Constitutional right to Equal Protection, either by requiring both sexes to register for the draft, or by ending such a requirement for men.

Respectfully Submitted.

Law Office of Marc E. Angelucci

Date: 4/10/19         By: *Marc Angelucci*
                          Marc E. Angelucci, Esq.
                          Attorney for Plaintiffs, National Coalition For Men, James Lesmeister, and Anthony Davis