Case 4:16-cv-03362   Document 96   Filed on 04/29/19 in TXSD   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
April 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL COALITION FOR MEN, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-16-3362 |
| SELECTIVE SERVICE SYSTEM, *et al.*, | § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for relief from judgment filed by plaintiffs National Coalition for Men, Anthony Davis, and James Lesmeister (collectively, "Plaintiffs"). Dkt. 90. Plaintiffs also filed a "supplemental motion for summary judgment" containing additional briefing. Dkt. 91. Defendants Lawrence Romo and the Selective Service System (collectively, "Defendants") responded. Dkt. 92. Having considered the motions, response, and applicable law, the court is of the opinion that Plaintiffs' motions (Dkts. 90, 91) should be DENIED.

This court previously granted summary judgment in Plaintiffs' favor. Dkt. 87. However, the court denied Plaintiffs' request for injunctive relief because Plaintiffs failed to request an injunction in their motion and did not brief the issue. *Id.* at 19. Plaintiffs now ask the court to reconsider its denial of the injunction request. Dkts. 90, 91. Defendants oppose injunctive relief and have appealed the court's original summary judgment ruling. Dkts. 92, 93.

As a threshold matter, Federal Rule of Civil Procedure 60(b) governs motions for relief from judgment. Typically, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases" for relief under Rule 60. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357

(5th Cir. 1993). However, even if the court could consider Plaintiffs' request for an injunction strictly on the merits, Plaintiffs' arguments still fail.

First, Plaintiffs fail to demonstrate that they are entitled to relief under a typical injunction analysis. Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat, Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365 (2008). A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57, 130 S. Ct. 2743 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006)).

Here, the third and fourth factors of this test weigh heavily against granting injunctive relief. Plaintiffs request that the court "either require both men and women to register, or require neither men nor women to register, for the [Military Selective Service Act]." Dkt. 90 at 7. Both of these proposed actions would place inequitable hardship on Defendants as well as disserve the public interest. At best, both of these changes would "lead to serious logistical problems, as well as millions of dollars in potentially wasted resources." Dkt. 92 at 10–11. At worst, upheaval of the draft registration system could "compromis[e] the country's readiness to respond to a military crisis." *Id.* at 9. "[A]lthough registration imposes material interim obligations . . . [the court] cannot say that the inconvenience of those impositions outweighs the gravity of the harm to the United States" should registration be enjoined. *Rostker v. Goldberg* (*Rostker I*), 448 U.S. 1306, 1310, 101 S. Ct. 1

(Brennan, Circuit Justice 1980). The balance of equities requires—and the public interest is best served by—preserving the current registration system pending appellate review.

Second, *Rostker v. Goldberg* (*Rostker II*), 453 U.S. 57, 101 S. Ct. 2646 (1981), counsels deference. "The constitutional power of Congress to raise and support armies and to make all laws necessary and proper to that end is broad and sweeping." *Rostker II*, 453 U.S. at 65 (quoting *United States v. O'Brien*, 391 U.S. 367, 377, 88 S. Ct. 1673 (1968)). While Congress is not "free to disregard the Constitution" in exercising its military powers, "the Constitution itself" requires judicial deference to congressional judgment in this area. *Id.* at 67.

In this case, judicial deference requires the court to deny injunctive relief despite the ongoing constitutional violations. The draft has significant foreign policy, as well as national security, implications. *See Rostker I*, 448 U.S. at 1310 ("[T]he inauguration of registration by the President and Congress was . . . an act of independent foreign policy significance—a deliberate response to developments overseas."). The legislative branch is best equipped—and constitutionally empowered—to reform the draft registration system in light of these important policy considerations. *See Rostker II*, 453 U.S. at 65 ("Not only is the scope of Congress' constitutional power in this area broad, but the lack of competence on the part of the courts is marked."). Moreover, Congress has created a commission that is currently studying draft reform and will make recommendations in the coming years. Dkt. 92 at 9. While these factors do not preclude judicial review entirely, they do strongly suggest that the court should defer to Congress by denying injunctive relief at this time.

Accordingly, Plaintiffs' motions for relief from judgment (Dkt. 90) and summary judgment (Dkt. 91) are DENIED.

Signed at Houston, Texas on April 29, 2019.

_____
Gray H. Miller
Senior United States District Judge